United States District Court
For the Northern District of California

1

2

3                UNITED STATES DISTRICT COURT

4                NORTHERN DISTRICT OF CALIFORNIA

5

6

7   BRANDON BANKS, et al.,

8           Plaintiffs,                    No. C 11-2022 PJH

9       v.                                 **ORDER GRANTING
                                           MOTION TO DISMISS**
10  NISSAN NORTH AMERICA, INC.,
11  et al.,

12          Defendants.
    _____/
13

14      Defendant's motion to dismiss came on for hearing on December 14, 2011 before

15  this court.  Brandon and Erin Banks ("plaintiffs" or "the Banks") appeared through their

16  counsel, Kirk Wolden and Jerome Tapley.  Defendant Nissan North America, Inc. ("Nissan "

17  or "defendant") appeared through its counsel, G. Charles Nierlich, and Rachel Flipse.

18  Having read all the papers submitted and carefully considered the relevant legal authority,

19  the court hereby GRANTS defendant's motions, for the reasons stated at the hearing, and

20  summarized as follows:

21      1.    Plaintiffs' claims under California's Unfair Competition Law ("UCL") and the

22  Consumer Legal Remedies Act ("CLRA"), which are premised on defendants' purportedly

23  unlawful concealment of the defects involved with the Delta Stroke Sensor, fail to state

24  viable causes of action.  While the court finds that plaintiffs have satisfactorily alleged that

25  the Delta Stroke Sensor defect posed an unreasonable risk of physical injury to plaintiffs

26  and consumers pursuant to Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824,

27  834 (2006), plaintiffs' allegations that defendant fraudulently concealed the Delta Stroke

28  Sensor defect from consumers fail to meet the particularity requirements of Federal Rule of

United States District Court

For the Northern District of California

1  Civil Procedure 9(b).  See Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007)(setting forth

2  elements of fraudulent concealment); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d

3  1097, 1103-05 (9th Cir. 2003)(the heightened pleading standards of Rule 9(b) apply to

4  allegations of fraud and allegations that sound in fraud, including false misrepresentations).

5  Specifically, plaintiffs fail to allege in sufficient detail defendant's knowledge of the

6  unreasonable safety risk posed by the Delta Stroke Sensor, and defendant's intent to

7  conceal this knowledge from consumers.  Thus, plaintiffs' UCL and CLRA claims are

8  DISMISSED.  The dismissal is with leave to amend, however, so that plaintiffs may re-

9  allege fraudulent concealment with the requisite particularity.

10        2.      To the extent plaintiffs have asserted a cause of action for unjust enrichment,

11  defendant correctly notes that "there is no cause of action in California for unjust

12  enrichment."  Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003); see

13  also McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004)("Unjust enrichment is not a

14  cause of action . . . or even a remedy, but rather . . . a general principle, underlying various

15  legal doctrines and remedies. . . . It is synonymous with restitution.").  As such, plaintiffs

16  have not asserted a viable cause of action.  Plaintiffs' claim for unjust enrichment is

17  therefore DISMISSED.  The dismissal is with prejudice.

18        Plaintiffs may file an amended complaint no later than January 11, 2012.

19  Defendants' response thereto shall be filed no later than February 8, 2010.

20  **IT IS SO ORDERED.**

21  Dated: December 19, 2011

22  _____
    PHYLLIS J. HAMILTON
    United States District Judge

23

24

25

26

27

28

2