UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON BANKS, et al.,

    Plaintiffs,

    v.

NISSAN NORTH AMERICA, INC., et al.,

    Defendants.

_____/

No. C 11-2022 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Defendant's motion to dismiss came on for hearing on March 14, 2012 before this court. Plaintiffs Brandon and Erin Banks ("plaintiffs" or "the Banks") appeared through their counsel, Kirk Wolden, Michael Ram, and Ryan Lutz. Defendant Nissan North America, Inc. ("Nissan" or "defendant") appeared through its counsel, G. Charles Nierlich, and Rachel Flipse. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion in part and DENIES it in part, for the reasons stated at the hearing, and summarized as follows:

    1.    To the extent plaintiffs have set forth revised allegations in support of their claims under California's Unfair Competition Law ("UCL") and the Consumer Legal Remedies Act ("CLRA"), the allegations are sufficient to overcome the deficiencies previously noted by the court. On balance, the court finds that plaintiffs' additional allegations regarding a) the Technical Service Bulletin NTB06-040 ("TSB") issued by defendant on May 12, 2006, involving a braking defect in vehicles after a computerized diagnostic interrogation reveals error code C1179; and b) the existence of numerous NHTSA consumer complaints regarding brake failure since 2004 (some smaller portion of which reference the C1179 error code referenced in the TSB), are collectively adequate to

plausibly allege defendant's knowledge of the unreasonable safety risk posed by the Delta Stroke Sensor (which allegedly corresponds to error code C1179), and defendant's intent to conceal this knowledge from consumers.  It remains to be seen whether plaintiffs are able to prove their allegations; however, the court is persuaded that the present allegations are sufficiently distinct from Wilson v. Hewlett-Packard Co., 668 F.3d 1136 (9th Cir. 2012), that plaintiffs are entitled to proceed past the pleading stage.

Accordingly, defendant's motion to dismiss plaintiffs' UCL and CLRA claims is DENIED.

2. To the extent plaintiffs assert their UCL and CLRA claims as a nationwide class action, such allegations are inappropriate, pursuant to the Ninth Circuit's reasoning in Mazza v. Am. Honda Motor Co., 666 F. 3d 581 (9th Cir. 2012).  Accordingly, defendant's motion to dismiss plaintiff's class action allegations, to the extent asserted on behalf of a nationwide class, is GRANTED.  Plaintiffs may continue to pursue their claims on behalf of a California class only.

**IT IS SO ORDERED.**

Dated: March 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge