Michael F. Ram, SBN 104805
Karl Olson, SBN 104760
RAM, OLSON, CEREGHINO & KOPCZYNSKI, LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Email: mram@rocklaw.com, kolson@rocklaw.com

Clifford L. Carter, SBN 149621
Kirk J. Wolden, SBN 138902
CARTER WOLDEN CURTIS, LLP
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Email: cliff@cwclawfirm.com, kirk@cwclawfirm.com

F. Jerome Tapley (*Pro Hac Vice*)
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
CORY WATSON, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Email: jtapley@corywatson.com, rlutz@corywatson.com

James C. Wyly (*Pro Hac Vice*)
Sean F. Rommel (*Pro Hac Vice*)
WYLY~ROMMEL, PLLC
4004 Texas Boulevard
Texarkana, TX 75503
Telephone: (903) 334-8646
Email: srommel@wylyrommel.com, jwyly@wylyrommel.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| BRANDON BANKS, ERIN BANKS and DAVID SOLOWAY, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No.: 4:11-CV-02022-PJH<br><br>**STIPULATION RE: REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL (DKT. #186-1)**<br>─────────────────<br><br>**Date:** **May 20, 2015**<br>**Time:** **9:00 a.m.**<br>**Judge:** **Hon. Phyllis J. Hamilton**<br>**Place:** **Courtroom 3, 3rd Floor**<br>          **Oakland, CA**<br><br>**Action Filed: April 25, 2011** |

Paragraphs 31 and 32 of the Settlement Agreement and Release provide that Nissan North America, Inc. and Continental will not oppose Class Counsel's request for an award of attorneys' fees, costs, and expenses up to a maximum total of $3,425,000.00, and that Class Counsel will not seek to recover in excess of that amount. (Dkt. # 160-1, ¶¶ 31, 32).  Nissan North America, Inc.'s statement of non-opposition of a fee award was made "[p]ursuant paragraph 31 of the Settlement Agreement and Release (Dkt. 160-1)."

Plaintiffs' Motion for Final Approval of the Proposed Class Action Settlement (Dkt. # 186), and the attached [PROPOSED] Order (Dkt. # 186-1), inadvertently provided a sum of $3,450,00.00 for attorney's fees, costs, and expenses.  At the final fairness hearing on May 20, 2015, the parties advised the Court of this issue, and the Court instructed the parties to file a revised order.  (See Dkt. # 196 at pp. 26-27).  Class Counsel does not seek any amount in excess of the Settlement Agreement and Release.

Attached to this stipulation is a Revised [Proposed] Order Granting Final Approval To Class Action Settlement; Final Judgment.  Paragraph 10 of the revised order correctly reflects a request for an award of attorneys' fees, costs, and expenses in the amount of $3,425,000.00, consistent with the Settlement Agreement and Release (Dkt. # 160-1).  There are no other changes to the revised [Proposed] Order.

Respectfully submitted,

DATED:  October 13, 2015

/s/ Michael F. Ram
RAM, OLSON, CEREGHINO
& KOPCYZNSKI LLP
Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Karl Olson, SBN 104760
Email: kolson@rocklawcal.com
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden, SBN 138902
Email: kirk@cwclawfirm.com
Clifford L. Carter, SBN 149621

Email: cliff@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111

CORY WATSON, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
Email: rlutz@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
Jim Wyly (*Pro Hac Vice*)
Email: jwyly@wylyrommel.com
4004 Texas Boulevard
Texarkana, TX 75503
Telephone: (903) 334-8646

*Attorneys for Plaintiffs and the Class*

Date: October 13, 2015

*/s/ G. Charles Nierlich***
GIBSON, DUNN & CRUTCHER, LLP
G. Charles Nierlich, SBN 196611
Email: gnierlich@gibsondunn.com
555 Mission Street, Ste. 3000
San Francisco, CA 94105-2933
Telephone: (415) 393-8239
Facsimile: (415) 393-8306

*Attorney for Defendant*
*Nissan North America, Inc.*

***Filers Attestation: Pursuant to Civil L.R 5-1*
*(i)(3) regarding signatures, Michael F. Ram*
*hereby attests that concurrence in the filing of this*
*document has been obtained from each signatory.*

3

Michael F. Ram, SBN 104805
Karl Olson, SBN 104760
RAM, OLSON, CEREGHINO & KOPCZYNSKI, LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Email: mram@rocklaw.com, kolson@rocklaw.com

Clifford L. Carter, SBN 149621
Kirk J. Wolden, SBN 138902
CARTER WOLDEN CURTIS, LLP
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Email: cliff@cwclawfirm.com, kirk@cwclawfirm.com

F.  Jerome Tapley (*Pro Hac Vice*)
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
CORY WATSON, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Email: jtapley@corywatson.com, rlutz@corywatson.com

James C. Wyly (*Pro Hac Vice*)
Sean F. Rommel (*Pro Hac Vice*)
WYLY~ROMMEL, PLLC
4004 Texas Boulevard
Texarkana, TX 75503
Telephone: (903) 334-8646
Email: srommel@wylyrommel.com, jwyly@wylyrommel.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BRANDON BANKS, ERIN BANKS and DAVID SOLOWAY, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>      Defendant. | Case No.: 4:11-CV-02022-PJH<br><br>**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; FINAL JUDGMENT**<br>_____<br><br>**Date:**   **May 20, 2015**<br>**Time:**   **9:00 a.m.**<br>**Judge:**  Hon. Phyllis J. Hamilton<br>**Place:**  Courtroom 3, 3rd Floor<br>           Oakland, CA<br><br>**Action Filed:  April 25, 2011** |

1

1   WHEREAS, by order dated December 24, 2014 (Dkt. # 173), this Court granted

2   preliminary approval of the proposed class action settlement between the parties in the above-

3   captioned action (the "Action").

4   WHEREAS, the Court also provisionally certified a nationwide Settlement Class for

5   settlement purposes only, approved the procedure for giving notice and forms of notice, and set

6   a final fairness hearing to take place on May 20, 2015.  On that date, the Court held the duly

7   noticed final fairness hearing to consider: (1) whether the terms and conditions of the Settlement

8   Agreement and Release are fair, reasonable and adequate; (2) whether a judgment should be

9   entered dismissing with prejudice the named Plaintiffs' complaint on the merits against

10  Defendant Nissan North America, Inc. ("NNA") and against all persons or entities who are

11  Settlement Class Members; and (3) Class Counsel's motion for approval of attorney's fees and

12  expenses.

13  WHEREAS, the Court considered all matters submitted to it at the hearing and

14  otherwise, and it appears that notice substantially in the form approved by the Court was given

15  in the manner that the Court ordered.

16  WHEREAS, the settlement was the result of extensive and intensive arms-length

17  negotiations occurring over a period of years and multiple mediation sessions with a respected

18  mediator—the Honorable Edward A. Infante (Ret.), currently affiliated with JAMS.  Counsel

19  for the parties are highly experienced in this type of litigation, with full knowledge of the risks

20  inherent in this Action.  The extent of written discovery, depositions, document productions,

21  and independent investigations by counsel for the parties, and the factual record compiled,

22  suffices to enable the parties to make an informed decision as to the fairness and adequacy of

23  the settlement.

24  WHEREAS, the Court has determined that the proposed settlement of the claims of the

25  Settlement Class Members against NNA, as well as the release of NNA and the Released

26  Parties, the significant relief provided to the Settlement Class Members—in the form of NNA's

27  agreement to make certain payments to Settlement Class Members—as described in the

28

Case No. 4:11-cv-02022-PJH – REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS
ACTION SETTLEMENT; FINAL JUDGMENT

1   Settlement Agreement and Release, and the award of attorneys' fees and expenses requested,

2   are fair, reasonable and adequate.

3       NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

4       1.    The Settlement Agreement and Release, including any attachments thereto, is

5   expressly incorporated by reference into this Final Order and Judgment and made a part hereof

6   for all purposes.  Except where otherwise noted, all capitalized terms used in this Final Order

7   and Judgment shall have the meanings set forth in the Settlement Agreement and Release.

8       2.    The Court has personal jurisdiction over the Parties and all Settlement Class

9   Members, and has subject-matter jurisdiction over this Action, including, without limitation,

10  jurisdiction to approve the proposed settlement, to grant final certification of the Settlement

11  Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs'

12  complaint in the Action, and to dismiss this Action on the merits and with prejudice.

13      3.    The Court finds, for settlement purposes only and conditioned upon the entry of

14  this Final Order and Judgment and upon the occurrence of the Effective Date, that the

15  requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil

16  Procedure have been satisfied in that: (a) the number of Settlement Class Members is so

17  numerous that joinder of all members thereof is impracticable; (b) there are questions of law

18  and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the

19  claims of the Settlement Class they seek to represent for purposes of settlement; (d) the

20  Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will

21  continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for

22  purposes of settlement, the questions of law and fact common to the Settlement Class Members

23  predominate over any questions affecting any individual Settlement Class Member; and (f) for

24  purposes of settlement, a class action is superior to the other available methods for the fair and

25  efficient adjudication of the controversy.  The Court also concludes that, because this Action is

26  being settled rather than litigated, the Court need not consider manageability issues that might

27  be presented by the trial of a nationwide class action involving the issues in this case.  *See*

28

1   *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court

2   has considered, among other factors: (i) the interests of Settlement Class Members in

3   individually controlling the prosecution or defense of separate actions; (ii) the impracticability

4   or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any

5   litigation concerning these claims already commenced; and (iv) the desirability of concentrating

6   the litigation of the claims in a particular forum.  The Court takes guidance in its consideration

7   of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir.

8   1998).

9        4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

10  finally certifies this Action for settlement purposes as a nationwide class action on behalf of: all

11  persons in the United States who currently own a model year 2004–2008 Nissan Titan

12  (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicle, or do not presently own one of

13  these vehicles but previously did, and incurred the expense of repairing or replacing the Delta

14  Stroke Sensor ("DSS") in the vehicle during the period of their ownership.  As defined in the

15  Settlement Agreement and Release, "Settlement Class Member(s)" means any member of the

16  Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to

17  the terms and conditions for exclusion set out in the Settlement Agreement And Release and the

18  Long Form Notice.  Excluded from the Settlement Class are all persons who are employees,

19  directors, officers and agents of NNA or its subsidiaries and affiliated companies, as well as the

20  judges, clerks, and staff members of the United States District Court for the Northern District of

21  California, the Ninth Circuit Court of Appeal, the United States Supreme Court, and their

22  immediate family members.  Claims for personal injury relating in any way to 2004–2008

23  Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles are also

24  excluded.

25       5.      The Court appoints Michael F. Ram, Kirk J. Wolden, Clifford L. Carter, F.

26  Jerome Tapley, Hirlye R. Lutz, III, James C. Wyly, and Sean F. Rommel as counsel for the

27  Class ("Class Counsel").  The Court designates named Plaintiffs Brandon Banks, Erin Banks,

28

Case No. 4:11-cv-02022-PJH – REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS
ACTION SETTLEMENT; FINAL JUDGMENT

David Soloway, and Tom West as the representatives of the Settlement Class. The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement and Release, and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the notice provided to Settlement Class Members, including direct mail notice, is in accordance with the terms of the Settlement Agreement and Release and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Final Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c) constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The Court finds that NNA provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no such objections or comments were received.

8.     The terms and provisions of the Settlement Agreement and Release, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Settlement Agreement and Release is fair, adequate and reasonable based on the following factors, among other things:

(a)     There is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

(b)     The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible.  Based on the stage of the proceedings and the amount of investigation and informal discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

(c)     The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval.  *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

(d)     The settlement provides meaningful relief to the Settlement Class, including the injunctive and monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

The parties are directed to consummate the Settlement Agreement and Release in accordance with its terms and conditions.  The Court hereby declares that the Settlement Agreement and Release is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9.     As described more fully in the Settlement Agreement and Release, Continental Automotive Systems, Inc. ("Continental") and/or NNA have agreed to make payments to be distributed to eligible Settlement Class Members and to provide for the following monetary relief:

a)     Class Members will be entitled to reimbursement of the out-of-pocket expenses to repair or replace the Active Brake Booster and/or VDC Control unit (which houses the DSS), following a C1179 diagnostic code that is documented by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business) at the time of inspection, and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster, as follows:

| Mileage at time of repair of DSS issue | % reimbursement of out-of-pocket costs to repair DSS issue | Maximum reimbursement per vehicle |
|---|---|---|
| Under 48,000 | 80.0% | $800 |
| 48,000-60,000 | 57.5% | $575 |
| 60,000-80,000 | 20.0% | $200 |
| 80,000-100,000 | 17.5% | $175 |
| 100,000-120,000 | 6.0% | $60 |
| Over 120,000 | Up to $20 | $20 |

7

*Note: Mileage for the chart above is determined at the time of the repair for which the class member seeks reimbursement of out-of-pocket costs.*

b)      To receive partial reimbursement as provided in the chart above, a Settlement Class Member must submit a valid and complete Claim Form and all of the following documentation to the Settlement Administrator on or before the Bar Date: (1) documentation reflecting the specific C1179 diagnostic code associated with the DSS issue (which documentation is made at the time of inspection by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business), and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster); (2) proof that the out-of-pocket costs that are the basis of the reimbursement request were actually paid (out of pocket) by the Class Member; and (3) proof that the Class Member owned the vehicle at the time of the repair of the DSS issue.

c)      For repairs completed and paid for by a Class Member <u>before</u> notice of the settlement is given, the repair must have been conducted at a Nissan dealership or a professional auto repair business.  For repairs completed and/or paid for by a class member <u>after</u> notice of the settlement, the repair must have been made at a Nissan dealership (unless there is no Nissan dealership within 100 miles of the address at which the Class Member's vehicle is registered, in which case the repair may have been conducted at a Nissan dealership or a licensed or professional auto repair business).

d)      The Settlement Administrator shall determine each authorized Settlement Class Member's payment based upon each Settlement Class Member's Claim Form and the required supporting documentation as set forth herein.

10.      Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $3,425,000.00 and stipends of $5,000.00 to each of the class representatives.  The attorneys' fees are based on the amount of time class counsel reasonably expended working on this action.  Continental and/or NNA shall pay such attorneys' fees and expenses and class representatives' stipends according to the schedule, and in the manner, described in the Settlement Agreement and Release.  Such

payment by Continental and/or NNA will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.  In the event that any dispute arises relating to the allocation of fees amongst Class Counsel and any other attorneys for Plaintiffs, Class Counsel will hold Continental and NNA harmless from any and all such liabilities, costs, and expenses of such dispute.

11.    This Action is hereby dismissed with prejudice and without costs as against NNA and the Released Parties (as that term is defined in the Settlement Agreement and Release).

12.    Upon the Effective Date, the Releasing Parties (as that term is defined in the Settlement Agreement and Release) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.  Released Claims means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in Paragraph 13 below) as of the Effective Date by Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(a)    were brought as of the date of the Final Fairness Hearing or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes; breach of contract; breach of express or implied warranty; fraud;

9

negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(b)      relate in any way to any alleged failure or limitation with respect to a brake booster in any model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicle, including but not limited to any claim, advertisement, representation, assertion, promise, or similar statement or omission made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the capabilities or functionality of the brake booster (including, but not limited to, the Delta Stroke Sensor), any claim for breach of express or implied warranty, or any product liability or other defect claim.

However, Released Claims do not include claims for personal injury.

13.      The Released Claims include known and unknown claims relating to the Action, and the Settlement Agreement and Release is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from

those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties has expressly waived whatever benefits it may have had pursuant to such section.  Settlement Class Members are not releasing any claims for personal injury.  Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

14.     Members of the proposed Settlement Class identified in Attachment 1 to this Order have opted out of or sought exclusion from the settlement by the date set by the Court, are deemed not to be "Settlement Class Members" for purposes of this Order, do not release their claims, and will not obtain any benefits of the settlement.

15.     The Court orders that, upon the Effective Date, the Settlement Agreement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members.  The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or

continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16.     Neither the Settlement Agreement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a)     offered by any person or received against NNA or Continental or any other Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by NNA or Continental or any other Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of NNA or Continental or any other Released Party;

(b)     offered by any person or received against NNA or Continental or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by NNA or Continental or any other Released Party or any other wrongdoing by NNA or Continental or any other Released Party;

(c)     offered by any person or received against NNA or Continental or any other Released Party or as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling Parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement and Release (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any

12

agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order and Judgment, or the Claim Form as to NNA, Continental, Plaintiffs, or the Settlement Class Members; or

(d)     offered by any person or received against the Plaintiffs or any other class representatives as evidence or construed as or deemed to be evidence that any of their claims. Notwithstanding the foregoing, NNA or Continental or any other Released Party may file the Settlement Agreement and Release, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that is binding on and shall have *res judicata, collateral estoppel,* and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Settlement Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

17.     The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and Release and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a)     enforcing the terms and conditions of the Settlement Agreement and Release and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and Release, and/or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against NNA or Continental or any other Released Party);

(b)     entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement and Release (including, without limitation, orders enjoining persons or entities from pursuing any claims against NNA or Continental or any other Released Party), or to ensure the fair and orderly administration of the settlement; and

(c)     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement and Release, the settling Parties, and the Settlement Class Members.

18.     Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and Release.

19.     In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this _____ day of _____, 2015.

_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT COURT JUDGE