Exhibit A

## AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Brandon Banks, Erin Banks, David Soloway, and Tom West ("Plaintiffs"), Defendant Nissan North America, Inc. ("NNA"), and Non-Party Continental Automotive Systems, Inc., formerly known as Continental Teves ("Continental") enter into this Amendment to Settlement Agreement and Release (the "Amendment") that provides, subject to the approval of the Court, for an amendment to the Settlement Agreement and Release submitted to the Court on or about December 5, 2014 ("Settlement Agreement"). All terms in the Settlement Agreement have the same meaning in this Amendment except to the extent modified by this Amendment.

## I. RECITALS

WHEREAS, on or about June 25, 2011, Plaintiffs Brandon and Erin Banks initiated a class action lawsuit against Nissan North America, Inc. ("NNA") and others in the United States District Court for the Northern District of California, Case No. 4:11-cv-2022 (the "*Banks* Action");

WHEREAS, on or around November 1, 2011, Tom West filed an action in the Circuit Court of Miller County, Arkansas, Civil Action No. CV2011-0573-3, which asserted, on behalf of a putative class of Arkansas customers, claims and facts similar to those being asserted by the *Banks* Plaintiffs (the "*West* Action," and collectively with the *Banks* Action, the "Actions");

WHEREAS, on December 5, 2014, Plaintiffs submitted a Motion for Preliminary Approval, seeking the Court's preliminary approval of a settlement of the Actions pursuant to the terms of the Settlement Agreement;

WHEREAS, on December 24, 2014, the District Court entered an order granting the Motion for Preliminary Approval of a settlement of the Actions pursuant to the terms set forth in the Settlement Agreement;

WHEREAS, on May 1, 2015, Plaintiffs filed a Motion for Final Approval of Proposed Class Action Settlement, seeking the Court's final approval of a settlement of the Actions pursuant to the terms of the Settlement Agreement;

WHEREAS, on November 30, 2015, the District Court entered an order denying the Motion for Final Approval of a settlement of the Actions pursuant to the terms set forth in the Settlement Agreement;

WHEREAS, on January 12, 2016, the Parties conducted a further mediation session before the Honorable James Larson (Ret.);

WHEREAS, on April 21, 2016, the Parties conducted a settlement conference before Chief Magistrate Judge Joseph Spero;

WHEREAS, the Parties have agreed to revise the terms of the Settlement Agreement as set forth herein to, among other things, increase payments to class members who have submitted valid claims pursuant to the original Settlement Agreement, to provide certain payments to those who submit valid claims pursuant to this Amendment, and reduce the maximum amount of attorneys' fees counsel for Plaintiffs may request;

WHEREAS, counsel for Plaintiffs have concluded that the settlement embodied in this Amendment is fair, reasonable, adequate, and in the best interests of the class in the *Banks* Action, the putative class in the *West* Action, and the proposed putative nationwide settlement class;

WHEREAS, NNA and Continental have vigorously denied and continue to vigorously deny all of the claims and contentions alleged in the Actions, deny any wrongdoing and deny any liability to Plaintiffs or any actual or putative class members of the Actions;

WHEREAS, NNA and Continental have agreed not to oppose nationwide class action treatment of the claims alleged in the Actions solely for the purpose of effecting the compromise and settlement of those claims on a nationwide class basis as set forth herein and not for any other purpose; and

NOW THEREFORE, the undersigned Parties hereby stipulate and agree, subject to the approval of the Court, that the Settlement Agreement shall be amended as set forth below and that all claims of Plaintiffs and Settlement Class Members against the Released Parties as defined

in the Settlement Agreement shall be finally settled and discharged and resolved on the terms of the Settlement Agreement, as amended herein and as if fully incorporated therein.

## II.  AMENDMENTS TO THE SETTLEMENT AGREEMENT

1.      All terms used in the Amendment shall have the same defined meaning as set forth in the Settlement Agreement, unless modified below.   All provisions of the Settlement Agreement not modified herein are unchanged.

2.      "Amendment" shall mean this Amendment to Settlement Agreement and Release.

3.      "Amended Settlement" shall mean the agreement between the Parties to settle the Actions, as embodied in the Settlement Agreement (including all exhibits thereto) and as amended by this Amendment (including all exhibits thereto).

4.      "Bar Date" is now amended and shall mean the final time and date by which a Claim Form must be received by the Settlement Administrator in order for a Settlement Class Member to be entitled to any of the settlement consideration contemplated in the Amended Settlement.   With respect to Settlement Class Members who did not opt out of the original Settlement Agreement and who submitted claims in connection with the original Settlement Agreement, the Bar Date shall be September 25, 2015.   With respect to any Person who timely opted out of the settlement or any Settlement Class Member who did not previously submit a claim, the Bar Date shall be the date provided in the Supplemental Notice, and shall be at least 60 days after the Settlement Administrator sends the Supplemental Notice.

5.      "Effective Date" is now amended and shall mean the date on which the Final Order and Judgment in the Action becomes "Final." As used in the Amended Settlement, "Final" means three business days after all of the following conditions have been satisfied:

(a)      the Final Order and Judgment has been entered in the *Banks* Action; and

(b)      the final judgment has been entered in the *Banks* Action pursuant to Rule 58 of the Federal Rules of Civil Procedure;

(c)      (i) if reconsideration and/or appellate review of the final judgment in the *Banks* Action is not sought, the expiration of the time for the filing or noticing of any motion for

reconsideration, appeal, petition, and/or writ of the final judgment in the *Banks* Action; or (ii) if reconsideration and/or appellate review is sought from the final judgment or otherwise in the *Banks* Action: (A) the date on which the final judgment in the *Banks* Action is affirmed, is no longer subject to judicial review in any way (by appeal, writ of certiorari, or otherwise), and the time limit to seek such review has expired, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the final judgment in the *Banks* Action is no longer subject to judicial review in any way.

(d)     the final judgment has been entered in the *West* Action pursuant to Rule 58 of the Arkansas Rules of Civil Procedure; and

(e)     (i) if reconsideration and/or appellate review of the final judgment in the *West* Action is not sought, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ of the final judgment in the *West* Action; or (ii) if reconsideration and/or appellate review is sought from the final judgment or otherwise in the *West* Action: (A) the date on which the final judgment in the *West* Action is affirmed, is no longer subject to judicial review in any way (by appeal, writ of certiorari, or otherwise), and the time limit to seek such review has expired, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the final judgment in the *West* Action is no longer subject to judicial review in any way.

6.     "Event of Termination" is now amended and shall mean any event terminating the Amended Settlement, including but not limited to: (1) mutual written agreement of the parties to terminate the Amended Settlement; (2) the Court denying any motion for approval of the Amended Settlement; (3) any reviewing Court reversing the Court's orders approving the Amended Settlement; (4) any requirement by the Court to provide any notice of the Amended Settlement to Settlement Class Members other than the Supplemental Notice as defined below; (5) the Court not approving the revised Settlement Class as set forth below; (6) more than 150 members of the Settlement Class opting out of the Amended Settlement; or (7) any other event set forth in the Settlement Agreement or Amendment according to which the Amended

AMENDMENT TO SETTLEMENT AGREEMENT

Settlement would be terminated.  Upon an Event of Termination, the parties shall return to the status quo ante as it existed before the date the original Settlement Agreement was signed.

7.    "Final Fairness Hearing" is now amended and shall mean the hearing that is to take place after the execution of this Amendment for purposes of: (a) entering the Final Order and Judgment and dismissing the Action with prejudice; (b) determining whether the Amended Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; and (c) to rule upon an application by Class Counsel for an award of attorneys' fees and expenses.

8.    "Final Order and Judgment" is now amended and shall mean an order fully and finally approving the Amended Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit 1.

9.    "Revised Attorneys' Fees Request Amount" shall be $2,825,000.

10.    "Settlement Agreement" shall mean the Settlement Agreement and Release submitted to the Court on or about December 5, 2014.

11.    "Settlement Class" is now amended and shall mean all Persons in the United States who are current or former owners or lessees of model year 2004-2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles.  Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of NNA or Continental or their respective subsidiaries and affiliated companies, as well as the judges, clerks, and staff members of the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeal, the United States Supreme Court, and their immediate family members.  Also excluded from the Settlement Class are all claims for personal injury relating to 2004-2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles.

12.    "Settlement Class Member" is now amended and shall mean any member of the Settlement Class who did not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement, the Long Form Notice, and the Summary Notice, and those persons who chose to opt out of the original Settlement

Agreement and who choose to opt back into the Amended Settlement by following the procedures set forth in the Supplemental Notice. Any person who elects to opt out of the Amended Settlement shall not be a Settlement Class Member.

13. "Supplemental Short-Form Notice" shall mean the Court-approved form of summary notice of this Amendment to be sent as a post card by the Settlement Administrator to those persons who opted out of the original Settlement Agreement as well as those Settlement Class Members who did not submit a claim pursuant to the original Settlement Agreement,, substantially in the form of Exhibit 2 to this Amendment.

14. "Supplemental Long-Form Notice" shall mean the Court-approved form of notice of this Amendment providing additional information about this Amendment to be provided by the Settlement Administrator to those who request it, substantially in the form of Exhibit 3 to this Amendment.

15. "Supplemental Notice" shall be used to refer collectively to the Supplemental Short-Form Notice and Supplemental Long-Form Notice.

16. Paragraph 27 of the Settlement Agreement is now amended and reads: "Class Members will be entitled to reimbursement of the out-of-pocket expenses to repair or replace the Active Brake Booster and/or VDC Control unit (which houses the Delta Stroke Sensor, or "DSS"), following a C1179 diagnostic code that is documented by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business) at the time of the mechanic's inspection, and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster, as follows:

| Mileage at time of repair of DSS issue | % reimbursement of out-of-pocket costs to repair DSS issue | Maximum reimbursement per vehicle |
|---|---|---|
| Under 48,000 | 80.0% | $800 |
| 48,000-60,000 | 80.0% | $800 |
| 60,000-80,000 | 65.0% | $600 |
| 80,000-100,000 | 65.0% | $600 |
| 100,000-120,000 | 50.0% | $400 |
| Over 120,000 | 50.0% | $400 |

*Note: Mileage for the chart above is determined at the time of the repair for which the class member seeks reimbursement of out-of-pocket costs."*

17.     Paragraph 28 of the Settlement Agreement is now amended and reads: "To receive partial reimbursement as provided in the chart above, a Settlement Class Member must submit a valid and complete Claim Form and all of the following documentation to the Settlement Administrator on or before the Bar Date: (1) documentation reflecting the specific C1179 diagnostic code associated with the DSS issue (which documentation is made at the time of inspection by a licensed mechanic or a mechanic employed by a licensed or professional auto repair business, and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster); (2) proof that the out-of-pocket costs that are the basis of the reimbursement request were actually paid (out of pocket) by the Class Member; and (3) proof that the Class Member owned or leased the vehicle at the time of the repair of the DSS issue."

18.     Paragraph 31 of the Settlement Agreement is now amended and reads: "Class Counsel may petition the Court for an award of attorneys' fees, costs, and expenses.  For purposes of this Settlement Agreement and Amendment only, NNA and Continental do not oppose, and will not encourage or assist a third party in opposing, Class Counsel's request for attorneys' fees, costs, and expenses up to a maximum of a total of the Revised Attorneys' Fees Request Amount; nor do NNA or Continental contest the reasonableness of such amount; nor do NNA or Continental contest Plaintiffs' and Class Counsel's assertion that they have conferred a benefit on the public in prosecuting and settling the Action.

19.     Paragraph 32 of the Settlement Agreement is now amended and reads: "Subject to Court approval, Continental will pay Class Counsel the amount of attorneys' fees, costs, and expenses as determined by the Court, not to exceed a total of the Revised Attorneys' Fees Request Amount.  Such payment by Continental (and/or NNA, as provided in paragraph 60 of the Settlement Agreement) will be in lieu of any statutory fees, costs, or expenses that Plaintiffs and/or Class Counsel might otherwise have been entitled to recover, and this amount shall be inclusive of all fees, costs, and expenses of Class Counsel in the Action.  Class Counsel will not seek in excess of a total of the Revised Attorneys' Fees Request Amount, and, in any event, Plaintiffs and Class Counsel agree that Continental and/or NNA shall not pay, or be obligated to pay, in excess of a total of the Revised Attorneys' Fees Request Amount for attorneys' fees, costs, and expenses.

20.     Paragraph 34 of the Settlement Agreement is now amended and reads: "Plaintiffs and Class Counsel, and each of them, agree that upon Continental's and NNA's compliance with the terms and conditions of the Settlement Agreement and Amendment, Continental and NNA will forever and finally have satisfied all of their obligations to Plaintiffs and/or Class Counsel, or any of them, concerning payment of attorneys' fees, costs and expenses in the Actions, and will forever and finally be absolved, released and discharged of any liability whatsoever to Plaintiff and/or Class Counsel, or any of them, concerning attorneys' fees in the Actions.  It is further agreed that under no circumstances will Class Counsel, or any of them, sue Continental or NNA for, or because of, relating to, concerning, or as a result of, any payment or allocation of attorneys' fees and costs made in accordance with the Settlement Agreement or Amendment. Under no circumstances will Continental or NNA be liable to Class Counsel, or any of them, for, because of, relating to, concerning or as a result of, any payment or allocation of attorneys' fees made in accordance with the Settlement Agreement or Amendment; and Class Counsel, and each of them, release Continental and NNA from any and all claims because of, relating to, concerning, or as a result of, any payment or allocation of attorneys' fees and costs made in accordance with the Settlement Agreement and Amendment.  Continental and NNA shall have

AMENDMENT TO SETTLEMENT AGREEMENT

no responsibility for any taxes associated with the attorneys' fees, costs, and expenses paid by Continental and/or NNA pursuant to the Settlement Agreement and Amendment.

21.     Paragraph 35 of the Settlement Agreement is now amended and reads: "Continental shall pay any such attorneys' fees and expenses, as awarded by the Court, by wire to an escrow account at Wells Fargo within 14 calendar days following the District Court's entry of Exhibit 1 to this Amendment or such other order that the Court may enter awarding attorneys' fees and expenses.  If the settlement becomes Final (as that term is used in Paragraph 5 of the Amendment), all funds in the escrow account, including any interest on such funds (but less any expenses associated with the escrow account) shall be provided to Class Counsel within seven calendar days after the Effective Date.   If there is an Event of Termination, all funds in the escrow account, including any interest on such funds (but less any expenses associated with the escrow account) shall be provided to the entity that paid the funds into escrow (*i.e.*, Continental or NNA) within seven calendar days after the date of the Event of Termination.

22.     Paragraph 37 of the Settlement Agreement is now amended and reads: "The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel, or for any stipend payments to be paid to Plaintiffs, are not part of the settlement of the Released Claims as set forth in the Settlement Agreement or this Amendment, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in the Settlement Agreement and Amendment.  Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees or stipends, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to any of them or reversal or modification of any of them, shall not operate to terminate or cancel the Amended Settlement or otherwise affect or delay the finality of the Final Order and Judgment or the Amended Settlement.  Any determination by the Court to award any amount of attorneys' fees, costs, or expenses totaling less than the Revised Attorneys' Fees

Request Amount shall not constitute an Event of Termination.  If the Court awards total attorneys' fees and expenses that are less than the Revised Attorneys' Fees Request Amount, the difference between the Revised Attorneys' Fees Request Amount and the amount actually awarded for attorneys' fees, costs, and expenses shall be used to increase payments to Settlement Class Members on a pro rata basis (provided that no Settlement Class member shall receive more than 100% reimbursement of out-of-pocket costs to repair the DSS issue).   Any amounts remaining thereafter may be disposed of in a *cy pres* distribution, to be made in the Court's discretion.

23.     Paragraph 39 of the Settlement Agreement is now amended and reads: "Members of the Settlement Class who have opted out of the Settlement by the date set by the Court do not release their claims and will have no right to obtain any benefits of the Settlement, unless such Persons opt-in to the Amended Settlement by following the procedures set forth in the Supplemental Notice."

24.     Paragraph 53 of the Settlement Agreement is now amended and reads:   "No person shall have any claim against NNA, Continental, Defense Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations or distributions made in accordance with the Amended Settlement.   This provision does not affect or limit in any way the right of review by the Court of any disputed Claim Forms as provided in the Amended Settlement."

25.     Paragraph 66 of the Settlement Agreement is now amended and reads: "A Final Fairness Hearing shall be conducted on a date set forth by the Court.  Upon final approval of the Amended Settlement by the Court at or after the Final Fairness Hearing, the parties shall present the Final Order and Judgment, substantially in the form attached to the Amendment as Exhibit 1, to the Court for approval and entry.

26.     Paragraph 69 of the Settlement Agreement is now amended and reads: "In the event the terms or conditions of the Amended Settlement (including the Settlement Agreement and this Amendment), other than terms pertaining to attorneys' fees, costs, expenses, and/or

AMENDMENT TO SETTLEMENT AGREEMENT

stipend payments, are materially modified by any Court, either Party in its sole discretion to be exercised within 14 days after such a material modification may declare the Amended Settlement null and void, constituting an Event of Termination.  For purposes of this paragraph, material modifications include but are not limited to any modifications to the definitions of the Settlement Class, Settlement Class Members, or Released Claims, changes to the notice plan or definition of "Supplemental Notice," any requirement imposed by the Court or otherwise requiring supplemental notice other than as provided herein, and/or any material modifications to the terms of the settlement consideration."

27.     Paragraph 70 of the Settlement Agreement is now amended and reads: "The provisions contained in the Amended Settlement (including all exhibits) are not and shall not be deemed a presumption, concession or admission by NNA or Continental of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative.  NNA and Continental do not admit that they or any of the Released Parties has or have engaged in any illegal or wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action.  NNA and Continental do not consent to certification of the Settlement Class for any purpose other than to effectuate the Amended Settlement.  The Amended Settlement may not be used in any proceeding against NNA or Continental, other for the purposes of enforcing the terms of the Amended Settlement."

28.     Paragraph 71 of the Settlement Agreement is now amended and reads: "Class Counsel shall take all necessary actions to accomplish approval of the Amended Settlement, notice, and dismissal of the Action.  The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Amended Settlement, including without limitation in seeking final Court approval of the Amended Settlement and the Settlement embodied herein, carrying out the terms of the Amended Settlement, and promptly agreeing

AMENDMENT TO SETTLEMENT AGREEMENT

upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Amended Settlement."

29.     Paragraph 80 of the Settlement Agreement is now amended and reads: "Except as specifically provided in the Amended Settlement, the Parties and/or their counsel will not issue any press release, make any advertisement, or make any other public statements regarding the Amended Settlement or the Action without the prior written approval of all Parties, other than to state that the Action "has been resolved."

### III.  ADDITIONAL REQUIRED EVENTS

Promptly after execution of this Amendment by all of the undersigned:

30.     Class Counsel shall take all necessary steps to obtain final approval of the Amended Settlement, and the Final Order and Judgment dismissing the Action with prejudice.

31.     Promptly after the Parties execute the Amendment, Plaintiffs shall file a Request for Court Approval of: (1) the Supplemental Short-Form Notice in a substantially similar form as jointly drafted by the Parties and attached hereto as Exhibit 2, to be sent by the Settlement Administrator as a post card to all persons who opted out of the original Settlement Agreement as well as all Settlement Class Members who did not previously submit a claim; (2) the Supplemental Long-Form Notice in a substantially similar form as jointly drafted by the Parties and attached hereto as Exhibit 3, to be made available by the Settlement Administrator on the settlement website and to be sent only to those persons who specifically request it; (3) to approve the revised Settlement Class; and (4) and obtain a date for the Final Fairness Hearing.

32.     Plaintiffs shall promptly file a Motion for Final Approval of Amended Settlement, in which Plaintiffs will submit the Amended Settlement to the Court for consideration in connection with Plaintiffs' Motion for Final Approval and requesting that the Court enter a Final Order and Judgment, in substantially the same form attached to this Amendment as Exhibit 1, which will, among other things, dismiss the Action with prejudice, subject to the continuing jurisdiction of the Court as set forth in Paragraph 42 of the Settlement Agreement, approve the Amended Settlement, certify the Settlement Class and render an award of attorneys' fees, costs,

and expenses. At least 5 days prior to the filing of such motion, Class Counsel will give NNA an opportunity to review and comment on the draft motion for Final Approval of Amended Settlement. NNA will not oppose the certification of a Settlement Class, but NNA may, at its discretion, submit such briefing as it deems necessary to support the Motion for Final Approval of Amended Settlement, clarify its positions, and otherwise protect its interests. NNA shall, at least 3 days prior to filing any such brief, give Class Counsel the opportunity to review and comment on a draft of the brief.

33.     Within 14 days of Court approval of the form of the Supplemental Notice, the Settlement Administrator will disseminate the Supplemental Short-Form Notice to Settlement Class Members who did not submit a claim pursuant to the original Settlement Agreement, as well as any person who opted out of the original Settlement Agreement. The Supplemental Short-Form Notice will provide a deadline for such persons to opt-in, opt-out, or object to the Settlement and to submit any Claim Form, which date will be at least 60 days after the date of mailing the Supplemental Short-Form Notice.

34.     Dissemination of the Supplemental Short-Form Notice to those persons shall be accomplished by mailing a single, direct mail Supplemental Short-Form Notice, postage prepaid, via the United States Postal Service to the last known address the Settlement Administrator has for such persons.   The Settlement Administrator shall also post this Amendment, the Supplemental Short-Form Notice, and the Supplemental Long-Form Notice on the website maintained by the Settlement Administrator for this matter.   The Settlement Administrator shall also provide a copy of this Amendment, the Supplemental Short-Form Notice, and/or the Supplemental Long-Form Notice to any Settlement Class Member who specifically requests any such documents.   No other notice of the Amended Settlement is contemplated, required, or permitted by the Parties, and any requirement by the Court that any additional notice be provided would be a material modification of the Amended Settlement constituting an Event of Termination.

35.     All Persons who previously opted out of the original Settlement Agreement and validly opt into the Amended Settlement as provided in the Supplemental Notice shall be considered Settlement Class Members and shall be subject to the releases, dismissal of Action, and jurisdiction of the Court, as described in the Settlement Agreement and Amendment.  All requests to opt into the settlement shall be mailed to the Settlement Administrator at the address provided in the Supplemental Short-Form Notice.

36.     All Persons who validly opt out of the Amended Settlement as provided in the Supplemental Notice, and/or who previously opted out of the original Settlement Agreement and do not choose to opt into the Amended Settlement, shall not be considered Settlement Class Members and shall not be subject to the releases, dismissal of Action, and jurisdiction of the Court, as described in the Settlement Agreement and Amendment.  All requests to opt out of the settlement shall be mailed to the Settlement Administrator at the address provided in the Supplemental Short-Form Notice.

37.     Any Person who timely opted out of the Settlement Class pursuant to the original Settlement Agreement and who opts back in before the deadline in the Supplemental Short-Form Notice may also submit a Claim Form to seek payment under the Amended Settlement.  Any Claim Form submitted by such an opt-in claimant must be mailed to the Settlement Administrator no later than the deadline set forth in the Supplemental Short-Form Notice; any Claim Form submitted after that date will be deemed untimely and rejected.

38.     Not later than 5 business days after the deadline for submission of requests to opt into the Settlement Class, the Settlement Administrator shall provide to Class Counsel and NNA's Counsel a complete opt-in list, together with copies of the requests to opt into the Amended Settlement.

39.     No later than 10 days prior to the Final Fairness Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to Class Counsel and NNA's Counsel, attesting that Supplemental Short-Form Notice was disseminated in a manner consistent

AMENDMENT TO SETTLEMENT AGREEMENT

with the terms of this Amendment, and providing the total amount to be paid to Settlement Class Members pursuant to the Amended Settlement.

40.    The Settlement Administrator shall send notice pursuant to the Class Action Fairness Act within 10 days after the proposed Amended Settlement is submitted to the Court. The Final Fairness Hearing may be scheduled at any time as ordered by the Court, provided that such hearing takes place at least 100 days after the proposed Amended Settlement is submitted to the Court, to provide sufficient time for settlement review pursuant to the Class Action Fairness Act.

## IV. MISCELLANEOUS PROVISIONS

41.    The parties agree that the recitals are contractual in nature and form a material part of the Amended Settlement.

42.    The Amended Settlement and accompanying Exhibits set forth the entire understanding of the Parties.  No change or termination of the Amended Settlement shall be effective unless in writing and signed by Class Counsel and Defense Counsel.  Any and all previous agreements and understandings between or among the parties regarding the subject matter of the Amended Settlement, whether written or oral, are superseded by this Amendment.

43.    All of the Parties warrant and represent that they are agreeing to the terms of this Amended Settlement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Amended Settlement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

44.    The waiver by any Party of a breach of any term of the Amended Settlement shall not operate or be construed as a waiver of any subsequent breach by any party.  The failure of a party to insist upon strict adherence to any provision of the Amended Settlement shall not constitute a waiver or thereafter deprive such party of the right to insist upon strict adherence.

45.    The headings in the Amended Settlement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

AMENDMENT TO SETTLEMENT AGREEMENT

46.     This Amendment may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. The date of execution shall be the latest date on which any Party signs the Amendment.

47.     The Amended Settlement has been negotiated among and drafted by Class Counsel and Defense Counsel.  To the extent there is any uncertainty or ambiguity in the Amended Settlement, none of the parties will be deemed to have caused any such uncertainty or ambiguity. Accordingly, the Amended Settlement should not be construed in favor of or against one party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 shall not apply to the construction or interpretation of the Amended Settlement.

48.     Except as specifically provided in the Amended Settlement, the Parties shall each bear their own attorneys' fees, costs, and expenses including taxable Court costs.

49.     The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of the Amended Settlement.

[The Remainder Of This Page Left Intentionally Blank]

AMENDMENT TO SETTLEMENT AGREEMENT

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: May 18, 2016

By: _____
Brandon Banks

DATED: May 18, 2016

By: _____
Erin Banks

DATED: May ___, 2016

By: _____
David Soloway

DATED: May 18, 2016

By: _____
Tom West

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: May ____, 2016

By: _____
    Brandon Banks

DATED: May ____, 2016

By: _____
    Erin Banks

DATED: May 18, 2016

By: _____
    David Soloway

DATED: May 18, 2016

By: _____
    Tom West

NISSAN NORTH AMERICA, INC.

DATED: May 23 , 2016

By: _Scott E. Rh_____

CONTINENTAL AUTOMOTIVE SYSTEMS, INC.

DATED: May 20 , 2016

By: _____
George R. Dunk III, Secretary

APPROVED AS TO FORM:

DATED:  May 20, 2016

By: _____

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
Email: rlutz@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden, SBN 138902
Email: kirk@cwclawfirm.com
Clifford L. Carter, SBN 149621
Email: cliff@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111

RAM, OLSON, CEREGHINO
& KOPCYZNSKI LLP
Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Karl Olson, SBN 104760
Email: kolson@rocklawcal.com
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiffs and the Class*

DATED: May 25 , 2016

GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH
TIMOTHY W. LOOSE


By: _____
G. Charles Nierlich

Attorneys for Defendant,
NISSAN NORTH AMERICA, INC.

AMENDMENT TO SETTLEMENT AGREEMENT

# Exhibit 1

Clifford L. Carter, SBN 149621
Kirk J. Wolden, SBN 138902
CARTER WOLDEN CURTIS, LLP
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Email: cliff@cwclawfirm.com, kirk@cwclawfirm.com

Michael F. Ram, SBN 104805
Karl Olson, SBN 104760
RAM, OLSON, CEREGHINO & KOPCZYNSKI, LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Email: mram@rocklaw.com, kolson@rocklaw.com

F. Jerome Tapley (Pro Hac Vice)
Hirlye R. "Ryan" Lutz, III (Pro Hac Vice)
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200; Facsimile: (205) 324-7896
Email: jtapley@cwcd.com, rlutz@cwcd.com

Sean Rommel
Jim Wyly
WYLY~ROMMEL, PLLC
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645
Email: srommel@wylyrommel.com, jwyly@wylyrommel.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISON

| | |
|---|---|
| BRANDON BANKS, ERIN BANKS and DAVID SOLOWAY, individually and on behalf of those similarly situated, | Case No.: 4:11-CV-02022-PJH |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; FINAL JUDGMENT** |
| v. | |
| NISSAN NORTH AMERICA, INC., | |
| Defendant. | |

WHEREAS, by order dated December 24, 2014, this Court granted preliminary approval of the proposed class action settlement between the parties in the above-captioned action (the "Action").

WHEREAS, the proposed class action settlement was subsequently amended following a supplemental mediation and settlement conference;

WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and held a final fairness hearing on _____ to consider: (1) whether the terms and conditions of the Amended Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing with prejudice the named Plaintiffs' complaint on the merits against Defendant Nissan North America, Inc. ("NNA") and against all persons or entities who are Settlement Class Members; and (3) Class Counsel's motion for approval of attorney's fees and expenses.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice and the supplemental notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the settlement was the result of extensive and intensive arms-length negotiations occurring over a period of years and multiple mediation sessions with respected mediators, including the Honorable Edward A. Infante (ret.) and the Honorable James Larson (ret.), as well as a settlement conference before Chief Magistrate Judge Joseph Spero.  Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action.  The extent of written discovery, depositions, document productions, and independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against NNA, as well as the release of NNA and the Released Parties, the significant relief provided to the Settlement Class Members—in the

1

form of NNA's agreement to make certain payments to Settlement Class Members—as described in the Amended Settlement, and the award of attorneys' fees and expenses requested, are fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Amended Settlement, including any attachments thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Amended Settlement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaint in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action

2

involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.  The Court takes guidance in its consideration of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a nationwide class action on behalf of: all Persons in the United States who are current or former owners or lessees of model year 2004-2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles. As defined in the Amended Settlement, "Settlement Class Member(s)" means any member of the Settlement Class who did not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement, the Long Form Notice, and the Summary Notice, and those persons who chose to opt out of the original Settlement Agreement and who choose to opt back into the Amended Settlement by following the procedures set forth in the Supplemental Notice.  Any person who elects to opt out of the Amended Settlement shall not be a Settlement Class Member.  Excluded from the Settlement Class are all persons who are employees, directors, officers and agents of NNA or its subsidiaries and affiliated companies, as well as the judges, clerks, and staff members of the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeal, the United States Supreme Court, and their immediate family members.  Claims for personal injury relating to 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles are also excluded.

5.    The Court appoints Michael F. Ram, Kirk J. Wolden, Clifford L. Carter, F. Jerome Tapley, Hirlye R. Lutz, III, James C. Wyly, and Sean F. Rommel as counsel for the

3

Class ("Class Counsel").  The Court designates named Plaintiffs Brandon Banks, Erin Banks, David Soloway, and Tom West as the representatives of the Settlement Class.  The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Amended Settlement, and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6.      The Court finds that the notice provided to Settlement Class Members, including direct mail notice, is in accordance with the terms of the Amended Settlement and this Court's Preliminary Approval Order, and March 17, 2016 Order re Notice of Amended Proposed Settlement, and as explained in the declarations filed before the Final Fairness Hearing:

(a)      constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)      were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c)      constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d)      fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States

4

Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The Court finds that NNA provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no such objections or comments were received.

8.     The terms and provisions of the Amended Settlement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Amended Settlement is fair, adequate and reasonable based on the following factors, among other things:

(a)     The settlement was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval, and there is no fraud or collusion underlying this settlement. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

(b)     The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible.  Based on the stage of the proceedings and the amount of investigation and informal discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

(c)     The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval. *See Boyd v. Bechtel Corp.*, 485

F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

(d)     The settlement provides meaningful relief to the Settlement Class, including the injunctive and monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

The parties are directed to consummate the Amended Settlement in accordance with its terms and conditions.  The Court hereby declares that the Amended Settlement is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9.     As described more fully in the Amended Settlement, Continental Automotive Systems, Inc. ("Continental") or NNA have agreed to make payments to be distributed to eligible Settlement Class Members and to provide for the following monetary relief:

a)     Class Members will be entitled to reimbursement of the out-of-pocket expenses to repair or replace the Active Brake Booster and/or VDC Control unit (which houses the DSS), following a C1179 diagnostic code that is documented by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business) at the time of inspection, and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster, as follows:

| Mileage at time of repair of DSS issue | % reimbursement of out-of-pocket costs to repair DSS issue | Maximum reimbursement per vehicle |
| --- | --- | --- |
| Under 48,000 | 80.0% | $800 |
| 48,000-60,000 | 80.0% | $800 |
| 60,000-80,000 | 65.0% | $600 |
| 80,000-100,000 | 65.0% | $600 |
| 100,000-120,000 | 50.0% | $400 |
| Over 120,000 | 50.0% | $400 |

*Note: Mileage for the chart above is determined at the time of the repair for which the class member seeks reimbursement of out-of-pocket costs.*

b)     The Settlement Administrator shall determine each authorized Settlement Class Member's payment based upon each Settlement Class Member's Claim Form and the required supporting documentation as set forth herein and in the Amended Settlement.

6

10.     Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorney's fees and expenses in the amount of $_____ and stipends of $_____ to each of the class representatives.  The attorneys' fees are based on the amount of time class counsel reasonably expended working on this action. Continental and/or NNA shall pay such attorney's fees and expenses and class representatives' stipends according to the schedule, and in the manner, described in the Amended Settlement.  Such payment by Continental and/or NNA will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.  In the event that any dispute arises relating to the allocation of fees amongst Class Counsel and any other attorneys for Plaintiffs, Class Counsel will hold Continental and NNA harmless from any and all such liabilities, costs, and expenses of such dispute.

11.     This Action is hereby dismissed with prejudice and without costs as against NNA and the Released Parties (as that term is defined in the Amended Settlement).

12.     Upon the Effective Date, the Releasing Parties (as that term is defined in the Amended Settlement) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.  Released Claims means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in Paragraph 13 below) as of the Effective Date by Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(a)     were brought as of the date of the Final Fairness Hearing or that could have been brought against the Released Parties, or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have

7

been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes; breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(b)     relate in any way to any alleged failure or limitation with respect to a brake booster in any model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicle, including but not limited to any claim, advertisement, representation, assertion, promise, or similar statement or omission made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the capabilities or functionality of the brake booster (including, but not limited to, the Delta Stroke Sensor), any claim for breach of express or implied warranty, or any product liability or other defect claim.

However, Released Claims do not include claims for personal injury.

13.     The Released Claims include known and unknown claims relating to the Action, and the Amended Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver

8

and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.   In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties has expressly waived whatever benefits it may have had pursuant to such section.   Settlement Class Members are not releasing any claims for personal injury.  Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

14.    Members of the proposed Settlement Class identified in Attachment 1 to this Order have opted out of or sought exclusion from the settlement by the date set by the Court, are deemed not to be "Settlement Class Members" for purposes of this Order, do not release their claims, and shall not obtain any benefits of the settlement.

15.    The Court orders that, upon the Effective Date, the Amended Settlement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members.  The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or

9

Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16.    Neither the Amended Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a)    offered by any person or received against NNA or Continental or any other Released Party or construed as or deemed to be evidence of any presumption, concession, or admission by NNA or Continental or any other Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of NNA or Continental or any other Released Party;

(b)    offered by any person or received against NNA or Continental or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by NNA or Continental or any other Released Party or any other wrongdoing by NNA or Continental or any other Released Party;

(c)    offered by any person or received against NNA or Continental or any other Released Party or as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling Parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Amended Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the

10

settlement (or any agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order and Judgment, or the Claim Form as to NNA, Continental, Plaintiffs, or the Settlement Class Members; or

(d)     offered by any person or received against the Plaintiffs or any other class representatives or construed as or deemed to be evidence that any of their claims. Notwithstanding the foregoing, NNA or Continental or any other Released Party may file the Amended Settlement, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that is binding on and shall have *res judicata, collateral estoppel,* and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Settlement Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

17.     The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Amended Settlement and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a)     enforcing the terms and conditions of the Amended Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Amended Settlement, and/or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against NNA or Continental or any other Released Party);

(b)     entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Amended Settlement (including, without limitation, orders enjoining persons or entities from pursuing any claims against NNA or Continental or any other Released Party), or to ensure the fair and orderly administration of the settlement; and

(c)     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Amended Settlement , the settling Parties, and the Settlement Class Members.

18.     Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Amended Settlement.

19.     In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this _____ day of _____, 2016.


_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT COURT JUDGE

Banks West Final Order Granting Settlement Approval.docx

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; FINAL JUDGMENT
Case No.: 4:11-CV-02022-PJH

# Exhibit 2

LEGAL NOTICE

**Current and Former Owners or Lessees of 2004-2008 Nissan Armada, Titan (equipped with VDC) and Infiniti QX56 vehicles.**

*Banks v. Nissan North America, Inc.*
Class Action Administrator
P.O. Box [XXXX]
Providence, RI #####-###

FIRST CLASS MAIL PRESORTED U.S. POSTAGE PAID

<<Barcode>>
Postal Service:  Please do not mark barcode

Control # BST-<<ClaimID>> <<MailRec>>

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**1-877-790-2122
www.dssclassaction.com**

Vehicle Owner
<<Addr2>>
<<Addr1>>
<<City>>, <<St>> <<ZIP>>

---

**If you currently own or lease or previously owned or leased a model year 2004–2008 Nissan Titan (with VDC), Nissan Armada, or Infiniti QX56, you may benefit from a Proposed Amended Class Action Settlement.**

**READ THIS NOTICE CAREFULLY.  YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

A Federal Court authorized this Supplemental Notice.  This is not a solicitation from a lawyer.

A settlement has been proposed in class action lawsuits against Nissan North America, Inc. ("NNA") regarding the Delta Stroke Sensor ("DSS"), a component in the brake booster assembly in model year 2004–2008 Nissan Titan (equipped with Vehicle Dynamic Control, or "VDC"), Nissan Armada, and Infiniti QX56 vehicles that may affect your rights.  An earlier proposed settlement has been amended to provide additional payments to qualifying claimants and reduce the attorneys' fees sought by Class Counsel.  This notice summarizes the proposed settlement, as amended (the "Settlement").  For additional information including the longer notice of settlement and the settlement agreement with the precise terms and conditions of the settlement, please see www.dssclassaction.com or call 877-790-2122.  You may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  The case is called *Banks v. Nissan North America, Inc.* and the case number is 11-cv-2022.  Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement or the claim process.

Plaintiffs allege that NNA failed to inform consumers that a DSS failure could cause an alleged reduction (but not a complete loss) of braking power.  NNA and component manufacturer Continental Automotive Systems ("Continental") vigorously deny these allegations and state that in the unlikely event of a DSS failure, the driver would continue to have sufficient braking power.  The Court did not rule in favor of either party.  Instead, the parties agreed to a proposed settlement in order to avoid the expense and risks of continuing the lawsuits.

You are a settlement class member if you currently own or lease or previously owned or leased one of these vehicles.  The settlement provides reimbursement of a portion of the out-of-pocket expenses to repair or replace the Brake Booster and/or VDC Control unit for qualifying claimants.  Class members may be eligible to receive up to $800, depending on the amount of the claim and the vehicle's mileage at the time of repair.  Class Counsel also will ask that the Court award up to $2,825,000 in attorneys' fees and expenses, and an incentive payment of $5,000 for each class representative.  The Court will decide whether to approve the Settlement at the Final Fairness Hearing on [date] at [time].  This date may be moved, canceled, or otherwise modified; see [website] for more information.

**You may:**
1.      Submit a Claim Form: For instructions on how to submit a claim form, please visit [settlement website], write to [settlement address], or call [settlement number].  The deadline to submit a claim is [date].
2.      Object to the Settlement: To object, you must file a written objection with the Clerk of the Court by [date].   For specific procedures for objecting, please see the longer notice of settlement and other information at [website].
3.      Do Nothing: you will not receive any reimbursement under the Settlement, but you will be bound by the terms of the Settlement and you will release certain claims against NNA and Continental as explained in the longer notice of settlement at [website].
4.      Exclude Yourself from the Class and the Settlement:  If you wish to exclude yourself ("opt out") from the Settlement, you must, by [date], send to the Settlement Administrator by fax ([###-###-####]), email [[EMAIL ADDRESS]], or U.S. Mail (MAILING ADDRESS), a signed letter that includes your name, address, and telephone number and a statement that you wish to be excluded from the Settlement.  If you submit a timely and valid request for exclusion, you will no longer be a member of the Class and you will receive no benefits under the Settlement, but you will retain whatever claims you may have against NNA.  If you are a member of the settlement class and do not exclude yourself, you will be bound by any judgment in the case and will release certain claims you may have.  If you previously excluded yourself from the Class and the Settlement, and wish to remain excluded, you do not need take any further action.
5.      If you previously excluded yourself from the Class and the Settlement, you may write to the Settlement Administrator and request to be included.  If you do so, you may submit a claim form, object to the settlement, or do nothing, as provided above, and you will be bound by the terms of the Settlement and release certain claims against NNA and Continental as explained in the longer notice of settlement.
This Notice is a summary only.  The deadlines in this Notice may be moved, cancelled or otherwise modified, so please check the website regularly for updates.
BY ORDER OF THE U.S. DISTRICT COURT

# Exhibit 3

**NOTICE OF SETTLEMENT**

---

**If you currently own or lease or previously owned or leased a model year 2004–2008 Nissan Titan (with VDC), Nissan Armada, or Infiniti QX56, you may benefit from a Proposed Amended Class Action Settlement.**

---

**READ THIS SUPPLEMENTAL NOTICE CAREFULLY.  YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.  PLEASE CHECK THE SETTLEMENT WEBSITE AT www.dssclassaction.com REGULARLY FOR UPDATES AND FURTHER DETAILS**

---

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- A proposed settlement was reached in *Banks v. Nissan North America, Inc.*, Case No. 4:11-CV-02022-PJH (N.D. Cal.), a class action lawsuit, and then the proposed settlement was amended.  This notice summarizes the proposed amended settlement (the "Proposed Settlement"). For the precise terms and conditions of the settlement, please see the Amendment to Settlement Agreement and original Settlement Agreement available at www.dssclassaction.com, by contacting class counsel as explained below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement or the claim process.

- Plaintiffs allege that Nissan North America ("NNA") failed to inform consumers that the failure of the Delta Stroke Sensor ("DSS"), a component in the brake booster in certain model year 2004–2008 Nissan Titan (with VDC), Nissan Armada, and Infiniti QX56 vehicles, could cause an alleged reduction (but not a complete loss) of braking power.  Plaintiffs allege that Continental Automotive Systems, Inc., formerly known as Continental Teves ("Continental") manufactured the active brake booster containing the Delta Stroke Sensor at issue in this action.  NNA and Continental deny all of the Plaintiffs' claims and state that in the unlikely event of a DSS failure, the driver would continue to have sufficient braking power.  The Court did not rule in favor of either party.  Instead, the parties agreed to a proposed settlement in order to avoid the expense and risks of continuing the lawsuits.

- Your legal rights may be affected whether you act or do not act.  Read this notice carefully.

- If you are eligible, the Proposed Settlement <u>may</u> provide you with payments to reimburse a portion of the out-of-pocket expenses to repair or replace the Active Brake Booster and/or VDC Control unit (which houses the DSS) (in addition to any service provided pursuant to the original manufacturer's warranty).

- You are a Class Member if you live in the United States and currently own or lease, or previously owned or leased, a model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicle.  See questions 5-6 on page 4, below, for further information.

- You are not part of the class if you:(1) never owned or leased a model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicle; (2) are an employee, director, officer, or agent of NNA or Continental or their subsidiaries and affiliated companies, or (3) are a Judge of the Court in which the Action is pending (or could be appealed to), or part of their immediate family and staff.  See question 6 on page 4, below.

**YOUR RIGHTS AND CHOICES:**

| *YOU MAY:* | | *DUE DATE* |
|---|---|---|
| **FILE A CLAIM FORM** | This is the <u>only</u> way that you may receive monetary reimbursement. | ***By [date]*** |
| **EXCLUDE YOURSELF** | Ask to get out of the Proposed Settlement.  If you do this, you cannot get any benefits provided in the Proposed Settlement, but you keep your right to sue NNA yourself regarding the claims in the lawsuit.  If you previously requested to exclude yourself from the Proposed Settlement and wish to remain excluded, you need not take further action. | ***By [date]*** |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlement.  Even if you object, you must still submit a valid claim form by [date] in order to receive a payment. | ***By [date]*** |
| **DO NOTHING** | You get no settlement benefits and you give up the right to sue NNA on your own regarding the claims later. | |
| **INCLUDE YOURSELF** | If you previously requested to exclude yourself from the Proposed Settlement, you may ask to get back into the Proposed Settlement.  If you do so, you will be bound by the terms of the settlement and give up the right to sue NNA on your own regarding the claims later. | ***By [date]*** |

- These rights and choices – **and the deadlines to exercise them** – are further explained in this Notice.

- These **deadlines may be moved, cancelled or otherwise modified**, so please check the settlement website at [website] regularly for updates and further details.

- The Court still has to decide whether to approve the Proposed Settlement.  Benefits will be provided only if the Court approves the Proposed Settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ........................................................................................................... 5

    1. Why did I get this Notice? .............................................................................................. 5

    2. What is the lawsuit about? ............................................................................................. 5

    3. Why is this a class action? ............................................................................................. 5

    4. Why is there a Proposed Settlement? ............................................................................ 6

WHO IS IN THE PROPOSED SETTLEMENT CLASS ......................................................... 6

    5. How do I know if I'm part of the Proposed Settlement Class? ...................................... 6

    6. Are there exceptions to being included? ........................................................................ 6

THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET ............................ 6

    7. What does the Proposed Settlement provide? ............................................................... 6

    8. How do I submit a claim for reimbursement? ............................................................... 7

    9. When will I get my Proposed Settlement benefits? ...................................................... 7

    10.      What am I giving up to stay in the Class? ........................................................ 8

    11.      Can I get out of the Proposed Settlement and the Class? ................................. 9

    12.      How do I exclude myself from the Proposed Settlement? ................................ 9

    13.      If I previously excluded myself from the Proposed Settlement, how may I rejoin the Class and the Settlement? ........................................................................................ 10

    14.      If I don't exclude myself, can I still sue NNA for the same things later? ...................... 10

    15.      If I exclude myself, can I get any benefits from this Proposed Settlement? .................. 10

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT ..................... 10

    16.      How do I tell the Court I don't like the Proposed Settlement? ........................................ 10

    17.      What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? .......................................................................... 11

YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT ................................................. 11

    18.      Can I appear or speak in this lawsuit and Proposed Settlement? ................................... 11

    19.      How can I appear in this lawsuit? ................................................................................... 11

IF YOU DO NOTHING ............................................................................................................................. 12

20.    What happens if I do nothing at all?...........................................................12

THE LAWYERS REPRESENTING YOU ...................................................................12

21.    Do I have a lawyer in this case?..................................................................12

22.    How much will lawyers for the Class Counsel be paid and how will they be paid?.......13

THE COURT'S FAIRNESS HEARING ........................................................................13

23.    When and where will the Court decide whether to approve the Proposed Settlement?.. 13

24.    Do I have to come to the hearing?...............................................................13

25.    Can I speak at the hearing?........................................................................13

GETTING MORE INFORMATION ...............................................................................13

26.    Are more details about the lawsuit and the Proposed Settlement available? .................13

27.    How do I get more information? ...................................................................14

# BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

A Court ordered that this Notice be given because you have the right to know about a Proposed Settlement that may affect you. You have legal rights and choices to make before the Court decides whether to approve the Proposed Settlement.

This Notice explains:
- What the lawsuit is about.
- Who is included in the Proposed Settlement.
- How the Proposed Settlement may benefit you.
- What your legal rights are.
- How to get benefits of the Proposed Settlement.

| 2. | What is the lawsuit about? |
|---|---|

The Plaintiffs in this lawsuit allege that NNA failed to inform consumers that the Delta Stroke Sensor ("DSS"),a component in the brake booster in certain model year 2004–2008 Nissan Titan (with VDC), Nissan Armada, and Infiniti QX56 vehicles, could malfunction, causing an alleged reduction (but not a complete loss) of braking power. Plaintiffs allege that Continental Automotive Systems, Inc., formerly known as Continental Teves ("Continental") manufactured the active brake booster containing the Delta Stroke Sensor at issue in this action. The Plaintiffs claim that NNA's alleged failure to disclose this information constitutes fraud and violates the various state consumer protection laws.

NNA vigorously denies all these claims of wrongdoing, and further states that in the unlikely event of a DSS failure, the driver would continue to have sufficient braking power. The Court has not issued a final ruling on the strengths or weaknesses of the Plaintiffs' case or NNA's contentions in this lawsuit. Nevertheless, NNA has agreed to the proposed settlement to avoid the risk and expense of further litigation. Plaintiffs believe that their claims have merit, but that the proposed settlement is fair, reasonable, and in the best interests of the members of the Settlement Class given the risk and expense of further litigation.

This case is pending in the United States District Court for the Northern District of California, Oakland Division. The full name of the action is *Banks v. Nissan North America, Inc.*, 4:11-cv-02022-PJH (N.D. Cal.). Similar claims have been raised on behalf of a class of Arkansas purchasers in *West v. Nissan North America, Inc.*, currently pending in the Circuit Court for Miller County, Arkansas. Because the settlement would apply to a nationwide class, the claims asserted in the *West* action also will be resolved through this settlement.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people, called Class Representatives, sue on behalf of other people who have similar claims. All these people together are a "Class" or "Class Members." One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class. In a class action, the court has a responsibility to assure that prosecution and resolution of the class claims by the Class Representatives and class counsel is fair. In this lawsuit, the Class Representatives are asking the Court to decide the issues for all current owners of model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles, and for those who do not currently own these vehicles but previously did and incurred the expense of repairing or replacing the DSS in the vehicle, throughout the United States.

| 4. | Why is there a Proposed Settlement? |
|---|---|

The Court did not rule in favor of either party.  Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuits.  The Class Representatives and their attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS

| 5. | How do I know if I'm part of the Proposed Settlement Class? |
|---|---|

As part of the settlement, the parties have agreed to the certification of a Settlement Class for purposes of this settlement only.  The Settlement Class includes all individuals in the United States who currently own or lease, or previously owned or leased, any model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles.

If this describes you, **you are automatically a member of the Settlement Class unless you exclude yourself by following the steps for exclusion described below.**  (If you previously excluded yourself and wish to remain excluded, you need not follow these steps again, and no further action is required on your part.)  Persons who are members of the Settlement Class and do not exclude themselves will be eligible for the compensation offered by the settlement if they meet the specified criteria, submit a valid Claim Form, and if the Court gives final approval to the settlement.  Class Members will be bound by the settlement, if approved by the Court, whether or not they submit a Claim Form, and will be prevented from bringing other claims covered by the settlement.  Those who exclude themselves from the Settlement Class will not be bound by the settlement and will not receive any payments from the settlement.

| 6. | Are there exceptions to being included? |
|---|---|

All persons who are employees, directors, officers and agents of NNA or Continental or their subsidiaries and affiliated companies, as well as the judges, clerks, and staff members of the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeal, the United States Supreme Court, and their immediate family members, are excluded from the class.

Any claims for personal injury relating in any way to 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles are also excluded from this settlement.

## THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET

| 7. | What does the Proposed Settlement provide? |
|---|---|

**The Proposed Settlement provides for a number of significant benefits**.  It was negotiated between the Plaintiffs and NNA, through their attorneys, and has been preliminarily approved by the Court.  The proposed terms provide for **monetary relief—partial reimbursement for out-of-pocket costs to repair the Active Brake Booster and/or VDC control unit (which house the Delta Stroke Sensor).**

Class Members will be entitled to reimbursement by NNA and/or component manufacturer Continental Automotive Systems, Inc. ("Continental") of the out-of-pocket expenses to repair or replace the Active Brake Booster and/or VDC Control unit (which houses the DSS), following a C1179 diagnostic code that is documented by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business) at the time of inspection, and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster, as follows:

| Mileage at time of repair of DSS issue | % reimbursement of out-of-pocket costs to repair DSS issue | Maximum reimbursement per vehicle |
|---|---|---|
| Under 48,000 | 80.0% | $800 |
| 48,000-60,000 | 80.0% | $800 |
| 60,000-80,000 | 65.0% | $600 |
| 80,000-100,000 | 65.0% | $600 |
| 100,000-120,000 | 50.0% | $400 |
| Over 120,000 | 50.0% | $400 |

*Note: Mileage for the chart above is determined at the time of the repair for which the class member seeks reimbursement of out-of-pocket costs.*

To receive partial reimbursement as provided in the chart above, a Settlement Class Member must submit a valid and complete Claim Form, and all of the following documentation to the Settlement Administrator on or before [date]: (1) documentation reflecting the specific C1179 diagnostic code associated with the DSS issue (which documentation is made at the time of inspection by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business), and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster); (2) proof that the out-of-pocket costs that are the basis of the reimbursement request were actually paid (out-of-pocket) by the Class Member; and (3) proof that the Class Member owned or leased the vehicle at the time of the repair of the DSS issue.

For repairs completed and paid for by a Class Member before notice of the settlement is given, the repair must have been conducted at a Nissan dealership or a professional auto repair business. For repairs completed and/or paid for by a class member after notice of the settlement, the repair must have been conducted at a Nissan dealership (unless there is no Nissan dealership within 100 miles of the address at which the Class Member's vehicle is registered, in which case the repair may have been conducted at a Nissan dealership or a licensed or professional auto repair business).

The Settlement Administrator shall determine each authorized Settlement Class Member's payment based upon each Settlement Class Member's Claim Form and the required supporting documentation as set forth herein.

| **8.** | **How do I submit a claim for reimbursement?** |
|---|---|

To submit a claim, you **must** complete an electronic or hard copy claim form (and, if instructed to do so, an attestation form, along with any other requested forms) and submit them at www.dssclassaction.com by **[date]**, or, for hard copy, paper format, by mailing the claim form and any supporting papers to: *Banks v. Nissan North America, Inc.* c/o Kurtzman Carson Consulting [address] by **[date]**.

| **9.** | **When will I get my Proposed Settlement benefits?** |
|---|---|

Settlement benefits will be available only if the Proposed Settlement is approved by the Court and after it becomes final. The Court will hold a hearing on **[date]**, to decide whether to approve the Proposed Settlement. If the Court approves the Proposed Settlement, there may be appeals, and the Proposed Settlement can't become final until all appeals are resolved. It is always uncertain how long appeals will take – they can take many months or longer. You should check the settlement website at www.dssclassaction.com for updates on the status of the Proposed Settlement and applicable deadlines. Please be patient. Furthermore, please be aware that the parties will not know the exact value of each claim for payment until *after* all claim forms have been received and validated by the claims administrator.

**YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

| | |
|---|---|
| **10.** | **What am I giving up to stay in the Class?** |

If you do not exclude yourself from the Class (or if you previously excluded yourself and request to rejoin the Class), then you are automatically in the Class if you reside in the United States and currently own or lease or previously owned or leased any model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles.

If you stay in the Class, you can't sue or be part of any other lawsuit against NNA or Continental or related entities about the claims in this lawsuit, as set forth below.  In addition, if you stay in the Class, all the Court's orders will apply to you.

By staying in the Class, you become a Settlement Class Member and you are agreeing to fully, finally and forever release, relinquish, and discharge any current or future claims you might have against NNA and Continental and related entities that relate to the claims in this lawsuit.  The entire release contained in the Proposed Settlement Agreement is set forth below:

"Released Claims":

"Released Claims" means any and all claims, demands, rights, damages, obligations, suits, liens, and causes of action over every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described below) as of the Effective Date by Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(i) were brought as of the date of the Final Fairness Hearing or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes; breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(ii) relate in any way to any alleged failure or limitation with respect to a brake booster in any model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicle, including but not limited to any claim, advertisement, representation, assertion, promise, or similar statement or omission made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the capabilities or functionality of the brake booster (including, but not limited to, the Delta Stroke Sensor), any claim for breach of express or implied warranty, or any product liability or other defect claim.

"Released Claims" do not include claims for personal injury relating in any way to 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles.

The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section.  Settlement Class Members are not releasing claims for personal injury relating in any way to 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

"Released Parties" means: Nissan North America, Inc. ("NNA") and Continental Automotive Systems, Inc. ("Continental") and each of their respective employees, assigns, attorneys, agents, and all of each of their past, present, and future officers and directors; all of each of their parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the development, formulation, manufacture, sale, or marketing of the model year 2004–2008 Nissan Titan, Nissan Armada, and Nissan Infiniti vehicles, or their advertising.

| 11. | Can I get out of the Proposed Settlement and the Class? |
|---|---|

You can get out of the Proposed Settlement and the Class.  This is called excluding yourself -- or is sometimes referred to as "opting out" of the Settlement Class.  If you exclude yourself, you can't get Proposed Settlement benefits and you can't object to the Proposed Settlement.  But you keep the right to file your own lawsuit or join another lawsuit against NNA or Continental about the claims in this lawsuit.

If you previously requested to exclude yourself from the Class, you may request to rejoin the Class as set forth below.

| 12. | How do I exclude myself from the Proposed Settlement? |
|---|---|

To exclude yourself, you must send by fax, U.S. Mail, or e-mail a letter that contains all of the following:

- Your name, current address and telephone number;

- A statement that you want to be excluded from the case *Banks v. Nissan North America, Inc.*, 4:11-cv-02022-PJH, that you do not wish to be a Settlement Class Member, and that you want to be excluded from any judgment entered in this case;

- Your signature (or your lawyer's signature).

Your exclusion request must be signed mailed, faxed or e-mailed, and ***postmarked, or the equivalent for fax or e-mail, by [date]***, to:

[Settlement Administrator's address]

You cannot exclude yourself on the phone.  If you previously requested to exclude yourself from the Class and wish to remain excluded, you do not need to follow these steps again and need not take any further action.

| 13. | If I previously excluded myself from the Proposed Settlement, how may I rejoin the Class and the Settlement? |
|---|---|

If you previously excluded yourself from the Class, you may rejoin ("opt in") to the Class and Settlement by sending by fax, U.S. Mail, or e-mail a letter that contains all of the following:

- Your name, current address and telephone number;
- A statement that you want to be included in the case *Banks v. Nissan North America, Inc.*, 4:11-cv-02022-PJH;
- Your signature (or your lawyer's signature).

Your request must be signed mailed, faxed or e-mailed, and ***postmarked, or the equivalent for fax or e-mail, by [date]***, to:

[Settlement Administrator's address]

You cannot rejoin the Class on the phone.

| 14. | If I don't exclude myself, can I still sue NNA for the same things later? |
|---|---|

No.  Unless you exclude yourself, you give up the right to sue NNA as described in response to Question 10.  If you want to keep the right to sue NNA in a new lawsuit, you have to exclude yourself from this Class and Proposed Settlement.   Remember, any exclusion request must be signed, mailed, faxed, or e-mailed, and postmarked (or the equivalent for fax or e-mail) by **[date]**.

| 15. | If I exclude myself, can I get any benefits from this Proposed Settlement? |
|---|---|

No.  If you exclude yourself, you can't get any Proposed Settlement benefits.

**YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT**

| 16. | How do I tell the Court I don't like the Proposed Settlement? |
|---|---|

If you're a Class Member and don't exclude yourself (or if you previously excluded yourself and request to rejoin the Class), you can tell the Court you don't like the Proposed Settlement or some part of it.  You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Banks v.Nissan North America, Inc.*, Case Number 11-CV-02022-PJH), (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____.

You must also state in writing all objections and the reasons for each objection, and state whether you intend to appear at the Final Fairness Hearing either with or without separate counsel. You will not be entitled to be heard at the Final Fairness Hearing unless written notice of your intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs are filed with the Court on or before **[date]**. If you fail to file and serve timely written objections in the manner specified above, you shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

| 17. | **What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement?** |
|-----|------|

Objecting is the way to tell the Court what you don't like about the Proposed Settlement. You can object only if you stay in the Class and don't exclude yourself.

Excluding yourself is the way to tell the Court you do not want to be a part of the Class and the Proposed Settlement, and that you want to keep the right to file your own lawsuit. If you exclude yourself, you cannot object because the Proposed Settlement no longer will affect you.

**YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT**

| 18. | **Can I appear or speak in this lawsuit and Proposed Settlement?** |
|-----|------|

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

| 19. | **How can I appear in this lawsuit?** |
|-----|------|

If you want to participate (or have your own lawyer instead of Class Counsel participate or speak for you) in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection (see question 17 above) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information too.

Your Notice of Appearance must be signed, mailed and ***postmarked by [date]***, to the Court at:

Clerk of Court
U.S. District Court
Northern District of California
1301 Clay Street, Oakland, California 94612

Copies of your Notice of Appearance must also be signed, mailed, e-mailed, or faxed and ***postmarked, or the equivalent for e-mail and facsimile, by [date]***, to the same addresses for the Settlement Administrator, Counsel for the Class, and Counsel for NNA, appearing on page 9 of this Notice, in Question 15.

- 11 -

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing:

- You will stay a member of the Class and all of the Court's orders will apply to you (unless you previously requested to exclude yourself from the Class, in which case you will continue to be excluded if you do nothing);

- You will receive reimbursement.  You will only be eligible to receive reimbursement under the Proposed Settlement if you complete a claim form with appropriate information.

- You won't be able to sue, or join a new lawsuit against NNA, about the issues and claims in this lawsuit, ever again, unless you exclude yourself.

## THE LAWYERS REPRESENTING YOU

| 21. | Do I have a lawyer in this case? |
| --- | --- |

Yes, the Court has appointed the following attorneys to represent the Class as Class Counsel:

RAM, OLSON, CEREGHINO & KOPCYZNSKI LLP
Michael F. Ram
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: 415.433.4949
Facsimile:  415.433.7311
E-mail: mram@rocklawcal.com

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden
Cliff Carter
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Email: kirk@cwclawfirm.com

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley
Hirlye R. "Ryan" Lutz, III
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: jtapley@cwcd.com, rlutz@cwcd.com

WYLY~ROMMEL, PLLC
Sean Rommel
Jim Wyly
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645
Email: srommel@wylyrommel.com, jwyly@wylyrommel.com

You will not be charged for these lawyers.

You may also consult your own lawyer at your own expense.

| 22. | How much will lawyers for the Class Counsel be paid and how will they be paid? |
|---|---|

Class Counsel will ask the Court to approve payment of attorneys' fees and expenses of no more than $2,825,000. Class Counsel also will ask the Court to award the named class representatives $5,000 each. Class Counsel will file their Fee Application at least fourteen days before the deadline for objecting to the settlement. NNA and/or Continental will pay the amounts awarded by the Court, up to these maximums.

**THE COURT'S FAIRNESS HEARING**

| 23. | When and where will the Court decide whether to approve the Proposed Settlement? |
|---|---|

The Court will hold a Final Fairness Hearing at **[time]** on **[date]**. This hearing date may be moved, cancelled or otherwise modified, so please check the settlement website at [website] regularly for further details, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. The Court is located at 1301 Clay St., Oakland, CA 94612. At this hearing, the judge will consider all objections, if any, and will consider whether the Proposed Settlement is fair, reasonable, and adequate to the Class. The judge will listen to people who have asked to speak at the hearing. The judge may also decide how much to award to Class Counsel for their fees and expenses. At or after the hearing, the judge will decide whether to approve the Proposed Settlement. We do not know how long these decisions will take.

| 24. | Do I have to come to the hearing? |
|---|---|

You don't have to come to the hearing. Class Counsel will answer questions the Court has. But you and/or your lawyer are welcome to come at your own expense. If you send an objection, you don't have to come to the hearing for the judge to consider it.

| 25. | Can I speak at the hearing? |
|---|---|

You can ask the Court to allow you (or your lawyer) to speak at the hearing. To do so, you or your lawyer must file a Notice of Appearance that says you wish to speak. You can find how to file a Notice of Appearance, and the due date for filing, in question 18 on page 10 of this Notice. If you submit an objection and wish to speak about it at the Final Fairness Hearing, you must include that information in your objection (see question 15 on page 9).

You cannot speak at the hearing if you exclude yourself.

**GETTING MORE INFORMATION**

| 26. | Are more details about the lawsuit and the Proposed Settlement available? |
|---|---|

This Notice only summarizes the lawsuit and Proposed Settlement, as amended. More details are in the complaints filed in these class actions and in the Settlement Stipulation. You can get copies of these documents by visiting the Proposed Settlement website, [website].

You can also look at all of the documents filed in the lawsuit at the Office of the Clerk, United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489.

| 27. | How do I get more information? |
|-----|-------------------------------|

You can get more information and read common questions and answers by visiting the Proposed Settlement website, [website] or calling [phone number].

Banks West Long Form Notice.docx