1  Clifford L. Carter, SBN 149621
   Kirk J. Wolden, SBN 138902
2  CARTER WOLDEN CURTIS, LLP
   1111 Exposition Boulevard, Suite 602
3  Sacramento, California 95815
   Telephone: (916) 567-1111
4  Email: cliff@cwclawfirm.com, kirk@cwclawfirm.com

5  Michael F. Ram, SBN 104805
   Karl Olson, SBN 104760
6  RAM, OLSON, CEREGHINO & KOPCZYNSKI, LLP
   555 Montgomery Street, Suite 820
7  San Francisco, California 94111
   Telephone: (415) 433-4949
8  Email: mram@rocklaw.com, kolson@rocklaw.com

9  F.  Jerome Tapley (*Pro Hac Vice*)
   Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
10 CORY WATSON, P.C.
   2131 Magnolia Avenue
11 Birmingham, Alabama 35205
   Telephone: (205) 328-2200
12 Email: jtapley@corywatson.com, rlutz@corywatson.com

13 James C. Wyly (*Pro Hac Vice*)
   Sean F. Rommel (*Pro Hac Vice*)
14 WYLY~ROMMEL, PLLC
   4004 Texas Boulevard
15 Texarkana, TX 75503
   Telephone: (903) 334-8646
16 Email: srommel@wylyrommel.com, jwyly@wylyrommel.com

17 *Attorneys for Plaintiffs and the Class*

18          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT CALIFORNIA**
19               **OAKLAND DIVISION**

20 BRANDON BANKS, ERIN BANKS and          Case No.: 4:11-CV-02022-PJH
   DAVID SOLOWAY, individually and on
21 behalf of those similarly situated,     **STIPULATION AND [~~PROPOSED~~]**
                                           **ORDER AMENDING PRELIMINARY**
22          Plaintiffs,                    **APPROVAL ORDER AND APPROVING**
                                           **PROPOSED SUPPLEMENTAL NOTICES**
23          vs.                            **OF AMENDED SETTLEMENT**

24 NISSAN NORTH AMERICA, INC.,

25          Defendant.                     **Action Filed:  April 25, 2011**

26

27

28
                                    1

WHEREAS, on or about June 25, 2011, Plaintiffs Brandon and Erin Banks initiated a putative class action lawsuit against Nissan North America, Inc. ("NNA") and others in the United States District Court for the Northern District of California, Case No. 4:11-cv-2022 (the "*Banks* Action");

WHEREAS, on or around November 1, 2011, Tom West filed an action in the Circuit Court of Miller County, Arkansas, Civil Action No. CV2011-0573-3, which asserted, on behalf of a putative class of Arkansas customers, claims and facts similar to those being asserted by the *Banks* Plaintiffs (the "*West* Action," and collectively with the *Banks* Action, the "Actions");

WHEREAS, on December 5, 2014, Plaintiffs submitted a Motion for Preliminary Approval, seeking the Court's preliminary approval of a settlement of the Actions pursuant to the terms of the Settlement Agreement including orders: appointing Kurtzman, Carson Consultants LLC ("KCC") as Notice Provider and Claims Administrator; and approving the forms of settlement notice to be provided to Class Members;

WHEREAS, on December 24, 2014, the District Court entered an order granting the Motion for Preliminary Approval of a settlement of the Actions pursuant to the terms set forth in the Settlement Agreement;

WHEREAS, on May 1, 2015, Plaintiffs filed a Motion for Final Approval of Proposed Class Action Settlement, seeking the Court's final approval of a settlement of the Actions pursuant to the terms of the Settlement Agreement;

WHEREAS, on November 30, 2015, the District Court entered an order denying the Motion for Final Approval of a settlement of the Actions pursuant to the terms set forth in the Settlement Agreement;

WHEREAS, on January 12, 2016, the Parties conducted a further mediation session before the Honorable James Larson (Ret.);

WHEREAS, on April 21, 2016, the Parties conducted a settlement conference before Chief Magistrate Judge Joseph Spero;

Case No. 4:11-cv-02022-PJH – STIPULATION AND [PROPOSED] ORDER AMENDING PRELIMINARY APPROVAL ORDER AND APPROVING PROPOSED SUPPLEMENTAL NOTICES OF AMENDED SETTLEMENT

WHEREAS, the Parties have agreed to an Amendment to the Settlement Agreement attached as Exhibit A (the "Amendment"; collectively with the original Settlement Agreement, the "Amended Settlement") which the parties believe addresses the District Court's prior concerns, and to submit the Amended Settlement for final approval;

WHEREAS, the Amended Settlement, among other things: (1) increases payments to class members who have submitted valid claims pursuant to the original Settlement Agreement; (2) provides for certain payments to those Class Members (including those who have opted out of or objected to the prior settlement, or not submitted claims) who submit valid claims pursuant to this Amendment; (3) reduces the maximum amount of attorneys' fees class counsel and plaintiffs may request; and (4) clarifies the scope of the settlement class (the previous version of which used terms like "previous" and "current," which could have been confusing given the passage of time since the original settlement agreement);

WHEREAS, on March 17, 2016, the District Court ordered that "notice of any proposed modified settlement must be sent to all class members, other than those who have already submitted a claim." (Dkt. 215: 5:10-12.);

WHEREAS, the parties have agreed to proposed Supplemental Summary Postcard Notice and Supplemental Long Form Notice for purposes of complying with the District Court's March 17, 2016 Order, and agree that the form and content of the Supplemental Notice, like the original summary and long form notices approved by the District Court, are reasonable, and constitute due, adequate and sufficient notice which meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, to all persons entitled to receive this supplemental notice. (See Dkt. 173, 9-12.)  A copy of the proposed Summary Postcard and Long Form Supplemental Notices are attached as Exhibits 2 and 3 to the Amendment (Exhibit A);

WHEREAS, KCC has participated in and, after review, offers the opinion that the proposed forms of Supplemental Notice as submitted herewith are reasonable, and constitute due, adequate and sufficient notice consistent with due process and Rule 23 of the Federal Rules

Case No. 4:11-cv-02022-PJH – STIPULATION AND [PROPOSED] ORDER AMENDING PRELIMINARY APPROVAL ORDER AND APPROVING PROPOSED SUPPLEMENTAL NOTICES OF AMENDED SETTLEMENT

of Civil Procedure, as set forth in the Declaration of Patrick Passarella to be filed in support of this Stipulation and [Proposed] Order.

WHEREAS, the parties believe and agree that it is efficient and economical for the attached forms of Supplemental Notice be approved as to form by the District Court before the parties expend the resources to provide "notice of any proposed modified settlement [] to all class members, other than those who have already submitted a claim."

THEREFORE, through this Stipulation and Proposed Order, the parties present the Amendment to the Court; seek approval that the form and content of the supplemental notices submitted herewith as Exhibits 2 and 3 to the Amendment provide reasonable, due, adequate and sufficient notice consistent with due process and Rule 23 of the Federal Rules of Civil Procedure; seek approval of the clarified settlement class and other terms as set forth in the attached proposed order in more detail; and, seek a date for a final fairness hearing that is at least 100 days after the filing of this Stipulation and [Proposed] Order.

Dated:  May 27, 2016                     Respectfully submitted,

By:    /s/ Kirk J. Wolden
CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden, SBN 138902
Email: kirk@cwclawfirm.com
Clifford L. Carter, SBN 149621
Email: cliff@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111

RAM, OLSON, CEREGHINO
& KOPCYZNSKI LLP
Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Karl Olson, SBN 104760
Email: kolson@rocklawcal.com
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949

CORY WATSON, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@corywatson.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
Email: rlutz@corywatson.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

WYLY~ROMMEL, PLLC
James C. Wyly (*Pro Hac Vice*)
Email: jwyly@wylyrommel.com
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

*Attorneys for Plaintiffs*

Date:  May 27, 2016                    By:   */s/G.Charles Nierlich*
                                       GIBSON, DUNN & CRUTCHER, LLP
                                       G. Charles Nierlich, SBN 196611
                                       Email: gnierlich@gibsondunn.com
                                       555 Mission Street, Ste. 3000
                                       San Francisco, CA 94105-2933
                                       Telephone: (415) 393-8239
                                       Facsimile: (415) 393-8306
                                       Attorney for Def. Nissan North America,
                                       Inc.

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[~~PROPOSED~~] ORDER**

Upon review and consideration of the stipulation of the parties, and the Amended Settlement (including all attachments), which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.    The Court has carefully reviewed the Amendment to Settlement Agreement and exhibits thereto, as well as the files, records, and proceedings to date in the Action (including the original Settlement Agreement).   The definitions in the Amended Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Amended Settlement.

2.    The Court granted preliminary approval of the proposed settlement on December 24, 2014.   The Court affirms its preliminary approval of the Amended Settlement, as fair, reasonable, and adequate and amends its preliminary approval order as set forth herein.

3.    The Court conditionally certifies, for settlement purposes only:   a nationwide class of all Persons in the United States who are current or former owners or lessees of model year 2004-2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of NNA or Continental or their respective subsidiaries and affiliated companies, as well as the judges, clerks, and staff members of the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeal, the United States Supreme Court, and their immediate family members.   Also excluded from the Settlement Class are all claims for personal injury relating to 2004-2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles.

4.    The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:   (a) the number of Settlement Class Members is so

Case No. 4:11-cv-02022-PJH – STIPULATION AND [PROPOSED] ORDER AMENDING PRELIMINARY
APPROVAL ORDER AND APPROVING PROPOSED SUPPLEMENTAL NOTICES OF AMENDED
SETTLEMENT

numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

5.  The Final Fairness Hearing shall be held before this Court on 9/21/16, at 9:00 a.m. to determine whether the Amended Settlement is fair, reasonable, and adequate and should receive final approval.  The date of the Final Fairness Hearing shall be at least 100 days after the filing of the Stipulation and Order.  The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time.  The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Amended Settlement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

6.  Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and Release and this Order, continue to be stayed.

7. The Court approves, as to form and content, the Supplemental Long Form Notice and Supplemental Short Form Notice, attached as Exhibits 2 and 3, respectively, to the Amendment.[1]  The Settlement Administrator shall distribute notice as provided in the Amendment.  The date on which the Settlement Administrator mails the Supplemental Short-Form (Postcard) Notice shall be the Notice Date.

8. The Court finds that the Supplemental Long Form Notice and Supplemental Short Form Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  Specifically, the Court finds that the manner of dissemination of the Supplemental Long Form Notice and Supplemental Short Form Notice described in Paragraph 7 complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement.  The Court also finds that the manner of dissemination of the Supplemental Long Form Notice and Supplemental Short Form Notice described in Paragraph 7 complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the amended terms of the settlement, and their right to object to the Amended Settlement or exclude themselves from the Settlement Class.  *See*, *e.g.*, *Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009) (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd v. Retail Concepts, Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn.

---

[1] In accordance with its order preliminarily approving the original settlement, Settlement Class Members previously were provided with direct mail notice of the original settlement, and a settlement website and telephone number were established and maintained in accordance with the Court's order.  The notice required by this order will supplement the earlier-provided notice.

8

Case No. 4:11-cv-02022-PJH – STIPULATION AND [PROPOSED] ORDER AMENDING PRELIMINARY APPROVAL ORDER AND APPROVING PROPOSED SUPPLEMENTAL NOTICES OF AMENDED SETTLEMENT

Aug. 22, 2008) (court approved plan disseminating notice by email, in-store posting, and website posting).

9.     Settlement Class Members who did not previously submit a Claim Form will have until 60 calendar days after the Notice Date, to submit their Claim Forms, which is due, adequate, and sufficient time.  Settlement Class Members who already submitted a valid Claim Form will not need to take any further action to receive the enhanced benefits under the Amended Settlement.

10.     Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Putative members of the Settlement Class who wish to opt out of the settlement must send a letter by fax, U.S. mail, or e-mail in the form specified in the Amended Settlement and Long Form Notice to:  Kurtzman Carson Consulting, NNA Settlement Administrator, P.O. Box 43344 Providence, RI 02940-3344, postmarked (or the equivalent for fax or e-mail), no later than 60 days after the Notice Date.  All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Amended Settlement, should it be approved.   Settlement Class Members who previously requested to be excluded need not take any further action if they wish to opt-out from the Amended Settlement.

11.     Any member of the Settlement Class who does not timely submit a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to deny approval by filing an objection.  Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the amended settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If Settlement Class Members want that to happen, they must object.  Settlement Class Members may object to the proposed settlement in writing.  Settlement Class Members may also appear at the Final Approval Hearing, either in person or through their own attorney.  If a Settlement Class Member appears through her own attorney, the Settlement Class Member is

Case No. 4:11-cv-02022-PJH – STIPULATION AND [PROPOSED] ORDER AMENDING PRELIMINARY APPROVAL ORDER AND APPROVING PROPOSED SUPPLEMENTAL NOTICES OF AMENDED SETTLEMENT

responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number, (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before 60 days after the Notice Date.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the amended settlement.  No Settlement Class Member shall be entitled to be heard at the Final Fairness Hearing (whether individually or through separate counsel) unless written notice of the objecting class member's intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court by 60 days after the Notice Date.  Settlement Class Members who object must set forth their full name, current address, and telephone number.

12.    Class Counsel shall file any amendments to their Fee Application at least fourteen days before the deadline for objecting to the Amended Settlement.

13.    Papers in support of final approval of the Amended Settlement, and in response to objections to the Amended Settlement, shall be filed with the Court no later than 14 days before the Final Fairness Hearing.

14.    The dates set forth in this Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members may check the settlement website at dssclassaction.com for updates and further details regarding extensions of these dates of performance.  Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland,

1    California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court

2    holidays.

3        15.    Notwithstanding any other provision of the Amended Settlement, if more than

4    150 members of the Settlement Class opt out of the Amended Settlement, NNA, in its sole

5    discretion, may rescind and revoke the entire Amended Settlement, thereby rendering the

6    Amended Settlement null and void in its entirety, by sending written notice to Class Counsel

7    within 10 court days following the date the Settlement Administrator informs NNA of the

8    number of Settlement Class Members who have requested to opt out of the Amended Settlement

9    pursuant to the provisions set forth in the Amended Settlement.

10       16.    In the event the Amended Settlement is not approved by the Court, or for any

11   reason the parties fail to obtain a Final Order and Judgment as contemplated in the Amended

12   Settlement, or the Effective Date does not occur for any reason, then the following shall apply:

13           (a)    All orders and findings entered in connection with the Settlement

14   Agreement and the Amended Settlement shall become null and void and have no force and effect

15   whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be

16   admissible or discoverable in this or any other proceeding;

17           (b)    The conditional certification of the Settlement Class shall be vacated

18   automatically, and the Actions shall proceed as though the Settlement Class had never been

19   certified for settlement purposes, and such findings had never been made;

20           (c)    Nothing contained in this Order is, or may be construed as, a presumption,

21   concession or admission by or against NNA, Continental Automotive Systems, Inc.

22   ("Continental"), or any Released Party (as that term is defined in the Settlement Agreement And

23   Release) of any default, liability or wrongdoing as to any facts or claims alleged or asserted in

24   the Action, or in any actions or proceedings, whether civil, criminal or administrative;

25           (d)    Nothing in this Order or pertaining to the Amended Settlement, including

26   any of the documents or statements generated or received pursuant to the claims administration

27   process, shall be used as evidence in any further proceeding in this case or any other action; and

28

11

1    (e)      All of the Court's prior Orders having nothing whatsoever to do with the

2    certification of the Settlement Class shall, subject to this Order, remain in force and effect.

3    17.     Pending final determination of whether the proposed Amended Settlement should

4    be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or

5    in any other capacity, shall commence or continue any action against any of the Released Parties

6    in any court or tribunal asserting any of the Released Claims (as that term is defined in the

7    Settlement Agreement And Release).

8    18.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable

9    procedures in connection with approval and administration of the settlement that are not

10    materially inconsistent with this Order or the Amended Settlement, including making, without

11    further approval of the Court, minor changes to the form or content of the Supplemental Long

12    Form Notice, Supplemental Short Form Notice, and other exhibits that they jointly agree are

13    reasonable or necessary.

14    IT IS SO ORDERED, this 6 day of June , 2016

16    _____

17    The Honorable Phyllis J. Hamilton
    United States District Judge