1  Clifford L. Carter, SBN 149621
   Kirk J. Wolden, SBN 138902
2  CARTER WOLDEN CURTIS, LLP
   1111 Exposition Boulevard, Suite 602
3  Sacramento, California 95815
   Telephone: (916) 567-1111
4  Email: cliff@cwclawfirm.com, kirk@cwclawfirm.com

5  Michael F. Ram, SBN 104805
   Karl Olson, SBN 104760
6  RAM, OLSON, CEREGHINO & KOPCZYNSKI, LLP
   555 Montgomery Street, Suite 820
7  San Francisco, California 94111
   Telephone: (415) 433-4949
8  Email: mram@rocklaw.com, kolson@rocklaw.com

9  F. Jerome Tapley (Pro Hac Vice)
   Hirlye R. "Ryan" Lutz, III (Pro Hac Vice)
10 CORY WATSON CROWDER & DEGARIS, P.C.
   2131 Magnolia Avenue
11 Birmingham, Alabama 35205
   Telephone: (205) 328-2200; Facsimile: (205) 324-7896
12 Email: jtapley@cwcd.com, rlutz@cwcd.com

13 Sean Rommel
   Jim Wyly
14 WYLY~ROMMEL, PLLC
   4004 Texas Boulevard
15 Texarkana, Texas 75503
   Telephone: (903) 334-8646
16 Facsimile: (903) 334-8645
   Email: srommel@wylyrommel.com, jwyly@wylyrommel.com
17
   *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISON**

| | |
|---|---|
| BRANDON BANKS, ERIN BANKS and DAVID SOLOWAY, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No.: 4:11-CV-02022-PJH<br><br>[~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; FINAL JUDGMENT** |

WHEREAS, by order dated December 24, 2014, this Court granted preliminary approval of the proposed class action settlement between the parties in the above-captioned action (the "Action").

WHEREAS, the proposed class action settlement was subsequently amended following a supplemental mediation and settlement conference;

WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and held a final fairness hearing on September 21, 2016 to consider: (1) whether the terms and conditions of the Amended Settlement (Dkt. 221-1) are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing with prejudice the named Plaintiffs' complaint on the merits against Defendant Nissan North America, Inc. ("NNA") and against all persons or entities who are Settlement Class Members; and (3) Class Counsel's motion for approval of attorney's fees and expenses.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice and the supplemental notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the settlement was the result of extensive and intensive arms-length negotiations occurring over a period of years and multiple mediation sessions with respected mediators, including the Honorable Edward A. Infante (ret.) and the Honorable James Larson (ret.), as well as a settlement conference before Chief Magistrate Judge Joseph Spero. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of written discovery, depositions, document productions, and independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against NNA, as well as the release of NNA and the Released Parties, the significant relief provided to the Settlement Class Members—in the form of NNA's agreement to make certain payments to Settlement Class Members—as

1

described in the Amended Settlement, and the award of attorneys' fees and expenses requested, are fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Amended Settlement, including any attachments thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Amended Settlement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaint in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620

(1997). In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its consideration of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a nationwide class action on behalf of: all Persons in the United States who are current or former owners or lessees of model year 2004-2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicles. As defined in the Amended Settlement, "Settlement Class Member(s)" means any member of the Settlement Class who did not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement, the Long Form Notice, and the Summary Notice, and those persons who chose to opt out of the original Settlement Agreement and who choose to opt back into the Amended Settlement by following the procedures set forth in the Supplemental Notice. Any person who elects to opt out of the Amended Settlement shall not be a Settlement Class Member. Excluded from the Settlement Class are all persons who are employees, directors, officers and agents of NNA or its subsidiaries and affiliated companies, as well as the judges, clerks, and staff members of the United States District Court for the Northern District of California, the Ninth Circuit Court of Appeal, the United States Supreme Court, and their immediate family members. Claims for personal injury relating to 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, and Infiniti QX56 vehicles are also excluded.

5. The Court appoints Michael F. Ram, Kirk J. Wolden, Clifford L. Carter, F. Jerome Tapley, Hirlye R. Lutz, III, James C. Wyly, and Sean F. Rommel as counsel for the Class ("Class Counsel"). The Court designates named Plaintiffs Brandon Banks, Erin Banks,

David Soloway, and Tom West as the representatives of the Settlement Class. The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Amended Settlement, and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the notice provided to Settlement Class Members, including direct mail notice, is in accordance with the terms of the Amended Settlement and this Court's Preliminary Approval Order, and March 17, 2016 Order re Notice of Amended Proposed Settlement, and as explained in the declarations filed before the Final Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c) constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. The Court finds that NNA provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no such objections or comments were received.

8. The terms and provisions of the Amended Settlement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Amended Settlement is fair, adequate and reasonable based on the following factors, among other things:

(a) The settlement was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval, and there is no fraud or collusion underlying this settlement. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

(b) The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and informal discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

5

(d) The settlement provides meaningful relief to the Settlement Class, including the injunctive and monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

The parties are directed to consummate the Amended Settlement in accordance with its terms and conditions. The Court hereby declares that the Amended Settlement is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9. As described more fully in the Amended Settlement, Continental Automotive Systems, Inc. ("Continental") or NNA have agreed to make payments to be distributed to eligible Settlement Class Members and to provide for the following monetary relief:

a) Class Members will be entitled to reimbursement of the out-of-pocket expenses to repair or replace the Active Brake Booster and/or VDC Control unit (which houses the DSS), following a C1179 diagnostic code that is documented by a licensed mechanic (or a mechanic employed by a licensed or professional auto repair business) at the time of inspection, and which documentation occurs at or before the time of repair or replacement of the Active Brake Booster, as follows:

| Mileage at time of repair of DSS issue | % reimbursement of out-of-pocket costs to repair DSS issue | Maximum reimbursement per vehicle |
|---|---|---|
| Under 48,000 | 80.0% | $800 |
| 48,000-60,000 | 80.0% | $800 |
| 60,000-80,000 | 65.0% | $600 |
| 80,000-100,000 | 65.0% | $600 |
| 100,000-120,000 | 50.0% | $400 |
| Over 120,000 | 50.0% | $400 |

*Note: Mileage for the chart above is determined at the time of the repair for which the class member seeks reimbursement of out-of-pocket costs.*

b) The Settlement Administrator shall determine each authorized Settlement Class Member's payment based upon each Settlement Class Member's Claim Form and the required supporting documentation as set forth herein and in the Amended Settlement.

10. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorney's fees and expenses in the amount of $ 2,825,000 (of

6

which $2,668,066 is for attorneys' fees and $156,934 for expenses) and stipends of $ 5,000 to each of the class representatives. The attorneys' fees are based on the amount of time class counsel reasonably expended working on this action. Continental and/or NNA shall pay such attorney's fees and expenses and class representatives' stipends according to the schedule, and in the manner, described in the Amended Settlement. Such payment by Continental and/or NNA will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action. In the event that any dispute arises relating to the allocation of fees amongst Class Counsel and any other attorneys for Plaintiffs, Class Counsel will hold Continental and NNA harmless from any and all such liabilities, costs, and expenses of such dispute.

11.   This Action is hereby dismissed with prejudice and without costs as against NNA and the Released Parties (as that term is defined in the Amended Settlement).

12.   Upon the Effective Date, the Releasing Parties (as that term is defined in the Amended Settlement) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. Released Claims means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in Paragraph 13 below) as of the Effective Date by Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(a)   were brought as of the date of the Final Fairness Hearing or that could have been brought against the Released Parties, or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged

7

violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes; breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(b) relate in any way to any alleged failure or limitation with respect to a brake booster in any model year 2004–2008 Nissan Titan (equipped with VDC), Nissan Armada, or Infiniti QX56 vehicle, including but not limited to any claim, advertisement, representation, assertion, promise, or similar statement or omission made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the capabilities or functionality of the brake booster (including, but not limited to, the Delta Stroke Sensor), any claim for breach of express or implied warranty, or any product liability or other defect claim.

However, Released Claims do not include claims for personal injury.

13. The Released Claims include known and unknown claims relating to the Action, and the Amended Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that

they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties has expressly waived whatever benefits it may have had pursuant to such section. Settlement Class Members are not releasing any claims for personal injury. Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

14. Members of the proposed Settlement Class identified in Attachment 1 to this Order have opted out of or sought exclusion from the settlement by the date set by the Court, are deemed not to be "Settlement Class Members" for purposes of this Order, do not release their claims, and shall not obtain any benefits of the settlement.

15. The Court orders that, upon the Effective Date, the Amended Settlement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement

Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16. Neither the Amended Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a) offered by any person or received against NNA or Continental or any other Released Party or construed as or deemed to be evidence of any presumption, concession, or admission by NNA or Continental or any other Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of NNA or Continental or any other Released Party;

(b) offered by any person or received against NNA or Continental or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by NNA or Continental or any other Released Party or any other wrongdoing by NNA or Continental or any other Released Party;

(c) offered by any person or received against NNA or Continental or any other Released Party or as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling Parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Amended Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order relating thereto) or the Final Order and Judgment, or

in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order and Judgment, or the Claim Form as to NNA, Continental, Plaintiffs, or the Settlement Class Members; or

   (d) offered by any person or received against the Plaintiffs or any other class representatives or construed as or deemed to be evidence that any of their claims. Notwithstanding the foregoing, NNA or Continental or any other Released Party may file the Amended Settlement, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that is binding on and shall have *res judicata, collateral estoppel,* and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Settlement Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

  17. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Amended Settlement and of this Final Order and Judgment, including, without limitation, for the purpose of:

   (a) enforcing the terms and conditions of the Amended Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Amended Settlement, and/or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against NNA or Continental or any other Released Party);

   (b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Amended

Settlement (including, without limitation, orders enjoining persons or entities from pursuing any claims against NNA or Continental or any other Released Party), or to ensure the fair and orderly administration of the settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Amended Settlement, the settling Parties, and the Settlement Class Members.

18. Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Amended Settlement.

19. In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this 21st day of September, 2016.

_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT COURT JUDGE

